136 N.J. Super. 360 (1975)
346 A.2d 415
WILLIE LEE WHITE, APPELLANT,
v.
NEW JERSEY STATE PAROLE BOARD, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 23, 1975.
Decided October 3, 1975.
*362 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. John A. Snowdon, Jr., Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Richard H. Mills, Deputy Attorney General, on the brief).
The opinion of the court was delivered by KOLOVSKY, P.J.A.D.
N.J.A.C. 10:70-6.3, a regulation adopted by the State Parole Board, establishes general conditions "upon which parole shall be granted and shall be incorporated *363 in each parole certificate." Among those conditions are the following in which the parolee is advised that:
3. As conditions of your being on parole, you are required to:
i. Conduct yourself in society in compliance with all laws and ordinances;
* * * * * * * *
ix. Refrain from conduct while on parole which shall give reasonable cause to believe that you have resumed, or are about to resume, criminal conduct or associations."
Those conditions, the first designated as 3(a) and the second as 3(i), were embodied in the certificate granting parole as of January 22, 1974 to appellant White, who was serving a 10-12-year sentence on a conviction for robbery.
The critical question presented by this appeal from revocation of White's parole following a final revocation hearing is whether the State Parole Board, after determining that White's parole could not be revoked for violation of the first-quoted condition because it had not been established as a fact that he had committed a crime while on parole, could nevertheless revoke it for violation of the second-quoted condition because White had been indicted for allegedly committing that crime, thus giving cause to believe that he had resumed criminal conduct. We conclude, for the reasons hereinafter set forth, that the answer to the posed question is "no" and that the decision of the State Parole Board must be reversed.
On August 15, 1974, White was arrested in Burlington on charges stemming from his alleged attempt to negotiate a stolen check. Under date of August 23, 1974 he was given notice of a probable cause hearing on charges that by reason of circumstances leading up to his arrest, he had violated four conditions of probation, including the two above quoted.
The probable cause hearing, at which a parole officer testified, was held on August 30, 1974. In the decision rendered at the conclusion of the hearing, of which White was given due notice, the hearing officer summarized the evidence *364 adduced and concluded that there was reasonable cause to believe, for reasons stated, that White had violated the two quoted conditions; no probable cause to believe that he had violated a third; and that the alleged violation of the fourth was "covered" by the charged violation of the second quoted condition.
The final revocation hearing on charges that White had violated the two quoted conditions was held on November 1, 1974. White was represented by an assistant deputy public defender. The only witnesses who testified were a parole officer and White himself. It was initially conceded that White had been indicted on September 26, 1974 for "attempting to utter a forged check."
The parole officer recounted what he had learned from the investigating police officers as to the alleged offenses, information which, if true, indicated that White had cashed one, and tried to cash another stolen check. He also said that White had admitted he was in possession of the check but had denied knowledge it had been stolen, stating that he had found it. White also testified, admitting that he found the check but denying that he had tried to cash it.
The hearing officer then filed a report in which he summarized the testimony he had heard and concluded:
It is the opinion of this hearing officer that, based upon the testimony of the parole officer regarding the arrest and identification, and the fact that Mr. White has been indicted on a charge of Attempting to Utter a Forged Check, that Mr. White has failed to refrain from conduct on parole which shall give reasonable cause to believe he has resumed criminal conduct, and thereby violated Condition 3i of the Conditions of his parole.
It is my opinion that the alleged violation of 3a has not been established since Mr. White denies knowledge of the fact that the check was stolen (consistent with the parole officer's recollection of their conversation in that regard) and that in my opinion, such violation requires that noncompliance with a law be established as fact (e.g. through admission or proof of guilt) and no such established fact is present in this case.
*365 Objections to the report were filed by White's attorney. They were overruled and White's parole revoked  with a scheduled rehearing in September 1975  "the decision of the Board [being] based upon the following findings":
1. That you have violated Condition 3i of the Conditions of your parole, to wit, failure to refrain from conduct while on parole which shall give reasonable cause to believe that you have resumed, or are about to resume, criminal conduct or associations, as evidenced by the testimony of the parole officer that you have been indicted on a charge of Attempting to Utter a Forged Check.
An appropriate starting point is the landmark decision of the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). There the court held that while revocation of parole is not a part of a criminal prosecution, nevertheless
* * * the loss of liberty entailed is a serious deprivation requiring that the parolee be accorded due process. Specifically, [the court] held that a parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision. [Gagnon v. Scarpelli, 411 U.S. 778, 781, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656, 661 (1973)]
Appellant offers but one criticism of the preliminary hearing and the determination that there was reasonable cause to believe that he had committed a violation of his parole  an assertion that the notice of probable cause decision "did not include the information required by Morrissey." The assertion lacks substance. The probable cause hearing and the decision rendered by the hearing officer at the conclusion thereof conformed to the mandates of Morrissey.
We turn, then, to the final revocation hearing and the Parole Board's decision revoking parole, the subjects of the remaining criticisms advanced by appellant.
*366 In Morrissey v. Brewer, supra, the court dealt at length with the requirements of a final revocation hearing:
The Revocation Hearing. There must also be an opportunity for a hearing, if it is desired by the parolee, prior to the final decision on revocation by the parole authority. This hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation. The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. A lapse of two months, as respondents suggest occurs in some cases, would not appear to be unreasonable.
We cannot write a code of procedure; that is the responsibility of each State. Most States have done so by legislation, others by judicial decision usually on due process grounds. Our task is limited to deciding the minimum requirements of due process. They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.
We do not reach or decide the question whether the parolee is entitled to the assistance of retained counsel or to appointed counsel if he is indigent. [408 U.S. at 487-9, 92 S.Ct. 2603-4].

* * * * * * * *
* * * Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime. [408 U.S. at 490, 92 S.Ct. at 2605].
If a condition authorizing revocation of parole upon a showing that there is reasonable cause to believe that a parolee has committed an offense while on parole  as distinguished *367 from proof that in fact he had committed the offense  be a valid condition, then appellant has no cause for complaint. Procedurally, the final revocation hearing conformed to all the requirements of Morrissey and gave White an additional protection which Morrissey does not require; he was represented by an attorney at the hearing.
Further, contrary to what appellant argues, the evidence, consisting of proof of White's indictment and the hearsay testimony of the police officer as to the details of the alleged offense, was sufficient to support a finding that there was reasonable cause to believe that White had committed the offense charged.
While an indictment "in no wise establishes the truth of the charge or the presence of sufficient legal proof thereof," State v. Orecchio, 16 N.J. 125, 132 (1954), it furnishes sufficient basis for a finding of reasonable cause.
As the court said in Trap Rock Industries, Inc. v. Kohl, 59 N.J. 471 (1971), cert. den. 405 U.S. 1065, 92 S.Ct. 1500, 31 L.Ed.2d 796 (1972):
An indictment, State or federal, is hardly a neutral fact for all purposes. In the area of our present concern, it cannot be said that an indictment has no meaning. On the contrary, the indictment means that a basis exists to believe the charge if the evidence on hand is not explained or contradicted. [at 488]
See also, Mount v. Trustees of Pub. Emp. Retirement System, 133 N.J. Super. 72, 84-85 (App. Div. 1975).
The power of the State Parole Board to adopt reasonable regulations establishing the general conditions under which parole shall be revoked is granted by N.J.S.A. 30:4-123.6. The section provides, among other things, that the conditions may include a requirement that the parolee "shall conduct himself in society in compliance with the law and with due regard for moral standards." We find nothing in the cited section to authorize the adoption of the additional condition permitting revocation of parole *368 upon the limited showing that there is reasonable cause to believe the parolee has committed a criminal offense.
In our opinion, in view of Morrissey, such a provision is constitutionally impermissible. Having reasonable cause to believe that a parolee has committed a criminal offense may only serve as a basis, after a preliminary hearing, for ordering a final revocation hearing and "the parolee's continued detention and return to the state correctional institution pending the final decision." Morrissey v. Brewer, supra, 408 U.S. at 487, 92 S.Ct. at 2603.
The existence of such reasonable cause may not serve as a basis for revoking the parole after a final revocation hearing. "This hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." Morrissey, supra, 408 U.S. at 487-488, 92 S.Ct. at 2603. Revocation of parole on a charge that the parolee committed a criminal offense requires proof either in the form of the parolee's admissions, or independent evidence that he had committed the offense, or a showing that at a criminal trial he had been convicted of the offense charged. If he had been so convicted, he may not relitigate the issue of his guilt or innocence at the parole hearing. Morrissey v. Brewer, supra, 408 U.S. at 490, 92 S.Ct. 2605; Hallman v. State Parole Board, 46 N.J. 279 (1966); Johnson v. N.J. State Parole Bd., 131 N.J. Super. 513 (App. Div. 1974), certif. den. 67 N.J. 94 (1975).
Reversed and remanded for a new final revocation hearing.