Rex Bryant BOWERS, Petitioner-Appellee,

v.

U. S. BOARD OF PAROLE, and Marvin Hogan, Warden, United States Penitentiary, Respondents-Appellants.

No. 75–3913.

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1977.

John W. Stokes, U. S. Atty., Richard A. Horder, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellants.

Rex Bryant Bowers, pro se.

Paul Brantley Davis (Court-appointed), Atlanta, Ga., for petitioner-appellee.

Before AINSWORTH and RONEY, Circuit Judges, and ALLGOOD, District Judge.

## PER CURIAM:

■ Petitioner brought this action seeking a new hearing before the Board of Parole in which certain prior convictions, allegedly void under *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), would not be considered. Subsequent to the argument in this case, the Court learned that the petitioner was placed on unconditional release status as of August 4, 1976. This development means that petitioner is neither incarcerated nor subject to the continued supervision of the Parole Board. Since there is no longer any live controversy between the parties, this action must be dismissed as moot.

A Motion to Dismiss as Moot was originally filed with this Court on August 27, 1976. That motion indicated that the petitioner was on *mandatory* release status. While so classified a prisoner is "deemed as if released on parole." 18 U.S.C.A. § 4164. In opposing the motion to dismiss, the Government maintained that the continued supervision of the petitioner by the parole authorities kept the controversy before the court a viable one. The Government did not call to the attention of the Court the fact that petitioner had already been granted *unconditional* release status at the time the motion was under consideration. The Court thus denied that motion by its order of September 20, 1976.

On that same date, the Government informed the court, by letter, of petitioner's new status, and of its view that this turn of events still did not render the matter moot. That view was based on the theory that the relief which petitioner "sought, in reality . . . is a collateral attack on certain prior convictions." Gov. Memorandum p. 2. Since the only relief sought by the petitioner was a change in Parole Board procedures precluding consideration of void-under-*Gideon* convictions, the change in his status renders *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975), controlling. As the Supreme Court summarized the situation in that case, "respondent was temporarily paroled on December 18, 1974, and . . . this status ripened into a complete release from supervision on March 25, 1975. From that date forward it is plain that respondent can have no interest whatever in the procedures followed by petitioners in granting parole." In that case, the Supreme Court ordered the complaint dismissed on mootness grounds.

■ Because this case has similarly become moot, this Court is precluded from reaching the merits of the controversy. The opinion of the district court must be

vacated, and the complaint dismissed. This disposition, of course, leaves the opinion of the district court without any precedential effect.

VACATED AS MOOT.