147 N.J. Super. 540 (1977)
371 A.2d 768
BOARD OF TRUSTEES OF YOUTH CORRECTIONAL CENTER, PLAINTIFF-RESPONDENT,
v.
CHARLES DAVIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 7, 1977.
Decided February 23, 1977.
*542 Before Judges FRITZ, ARD and PRESSLER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Stanford M. Singer, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Ms. Erminie L. Conley, Deputy Attorney General, of counsel; Mr. Leonard A. Peduto, Jr., Deputy Attorney General, on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
Petitioner Charles Davis appeals from a determination of the Board of Trustees, Youth Correctional Institution Complex (board), revoking his parole. He challenges the proceedings below on both procedural and evidential grounds. The board urges us to dismiss the appeal on the basis of mootness, petitioner having been since reparoled.
We are satisfied that despite the re-parole, we should reach the merits here. We are aware that divergent views have been expressed by various of the state and federal courts on the question of whether the collateral legal consequences to a defendant of a parole revocation are sufficiently substantial to require review after he has obtained relief from incarceration either by way of subsequent administrative action or as a result of the completion of his custodial sentence. See, e.g., opting for a rule of mootness in respect of appeals from parole revocations where the inmate is no longer in custody by reason of the challenged revocation, Weiss v. U.S. Bd. of Parole, 451 F.2d 1346 (5 Cir.1971); Nelson v. United States, 443 F. 2d 75 (5 Cir.1971); Snyder v. U.S. Bd. of Parole, 383 F. Supp. 1153 (D. Colo. 1974); State ex rel. Renner v. Dept. of H. & S. Serv., 71 Wis.2d 112, 237 N.W.2d 699 (Sup. Ct. 1976); Belton v. Vitek, 113 N.H. 183, 304 A.2d 362 (Sup. Ct. 1973); Bennett v. State, 289 A.2d 28 (Me. Sup. Jud. Ct. 1972). But see Williams v. U.S. Bd. of Parole, 383 F. *543 Supp. 402 (D. Conn. 1974), rejecting the rule of mootness and with whose reasoning we are in accord.
There is, of course, no question but that an intervening completion of a custodial sentence will not affect defendant's right to appeal from the underlying conviction. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Nor will it affect his right to challenge a probation revocation. See Hewett v. North Carolina, 415 F. 2d 1316 (4 Cir.1969); Hahn v. Burke, 430 F.2d 100 (7 Cir.1970), cert. den., 402 U.S. 933, 91 S.Ct. 1522, 28 L.Ed. 2d 868 (1971). And see, generally, Annotation, "Comment Note  When Criminal Case Becomes Moot so as to Preclude Review of or Attack on Conviction or Sentence," 9 A.L.R.3d 462 (1966). The preservation of a defendant's right of appeal in these circumstances is predicated upon those considerations of due process and fundamental fairness which require that he be afforded an opportunity to protect himself from the future adverse effects inevitably implicit in a criminal conviction. As succinctly stated by the court in Sibron, supra, 392 U.S. at 57, 88 S.Ct. at 1900, "criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." While the collateral legal consequences inherent in a conviction or probation revocation may be more serious than those resulting from a parole revocation, we cannot agree, as the weight of authority would have it, that they are so insubstantial as to be outweighed by the legitimate policy concerns underlying the mootness doctrine. It is true, of course, that a record of conviction, and to some extent of a probation revocation as well, has prejudicial civil connotations, whereas the parole revocation generally becomes of moment only if defendant finds himself subsequently caught up once more in the criminal process. But we believe that such a defendant is entitled to proceed through that process, including *544 sentencing and future parole release applications, unprejudiced by an improperly founded prior parole revocation. See, generally, Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); and see Blake v. Mass. Parole Board, 341 N.E.2d 902, 904 (Mass. Sup. Jud. Ct. 1976). If the blemish on defendant's record of that parole revocation is subject to removal, the judicial process must afford him the opportunity to have it removed.
Having concluded that defendant's right to appeal from the parole revocation is unaffected by his re-parole pending this appeal, we are constrained to conclude that his appeal must fail on its merits.
We are first satisfied that the proceedings here were not infected by such delay as would warrant reversal on that ground. We recognize that Morrissey v. Brewer, supra, requires that the parole revocation hearing be conducted within a reasonable time after the parolee is taken into custody. While the court in Morrissey did not specifically define reasonableness in this context, it did note that a lapse of two months "would not appear to be unreasonable." 408 U.S. at 488, 92 S.Ct. at 2604. While the two month time period suggested in Morrissey can hardly be regarded as a limitations period, we do regard it as a time frame which should be met barring unusual circumstances, as we have heretofore said in Johnson v. N.J. State Parole Bd., 131 N.J. Super. 513, 521, n. 3 (App. Div. 1974), certif. den., 67 N.J. 94 (1975). The hearing here was held 71 days after defendant was taken into custody. During that 71 day period the probable cause hearing was adjourned twice at defendant's request. Despite these adjournments the hearing was scheduled for the 59th day following custody. It did not take place on that date because a correctional officers' strike barred access to the institution where the hearing was scheduled. The hearing did take place 12 days later. We regard those circumstances as meeting the test of Johnson, supra, and, in any event, it has not been suggested that defendant *545 sustained any prejudice at all as a result of the delay, nor do we discern any such prejudice.
Defendant's final attack on the proceedings is based upon his contentions that there was insufficient competent evidence to sustain the parole violations found by the hearing officer and, in any case, that those violations were insufficient to justify a parole revocation. We have carefully reviewed the record and the commendably detailed and well-reasoned findings of the hearing officer. We are satisfied that she was scrupulous in disregarding inadmissible hearsay and that her findings of violations were well founded in the record. Cf. White v. N.J. State Parole Board, 136 N.J. Super. 360 (App. Div. 1975). We see no reason to disturb them. See, e.g., Close v. Kordulak Bros., 44 N.J. 589 (1965). Among the violations found were the use of narcotic drugs, intoxication, leaving the approved employment without prior consultation with the parole officer, and defendant's refusal to comply with arrangements made for him by his parole officer for participation in a methadone maintenance program. We are satisfied that these violations both separately and in combination, justified the board's determination to revoke parole. See State v. Morales, 120 N.J. Super. 197, 202-203 (App. Div. 1972), certif. den. 62 N.J. 77 (1972); Underwood v. N.J. State Parole Bd., 131 N.J. Super. 528 (App. Div. 1974).
Affirmed.