184 N.J. Super. 533 (1981)
446 A.2d 1214
NEW JERSEY STATE PAROLE BOARD, PLAINTIFF-RESPONDENT,
v.
DANIEL WOUPES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1981.
Decided November 16, 1981.
*534 Before Judges BISCHOFF and KING.
James W. Shue, Assistant Deputy Public Defender, argued the cause for appellant (Stanley C. Van Ness, Public Defender of New Jersey, attorney).
J. Michael Blake, Deputy Attorney General, argued the cause for respondent (James R. Zazzali, Attorney General of New Jersey, attorney; Andrea M. Silkowitz, Deputy Attorney General, of counsel).
The opinion of the court was delivered by KING, J.A.D.
This appeal is taken from a decision of the State Parole Board rescinding a grant of parole from the New Jersey State Prison.
On December 7, 1979, appellant was convicted of attempted burglary and was thereafter sentenced to two to three years in State Prison. On July 1, 1980, the adult panel of the State *535 Parole Board granted appellant parole effective October 7, 1980. The effective parole date was subject to several conditions, including continuance of acceptable institutional conduct. Pending his parole date appellant was charged on July 27, 1980 with an institutional infraction, intoxication. Appellant was taken to the hospital for a urine specimen but was either unable to give one or refused to cooperate, according to Correction Officers Hairston and Butler.
On July 30, a prison disciplinary hearing (courtline) was held. The charge against appellant was submitted solely on written reports. Appellant was present at the hearing and was assisted by another inmate. Appellant presented no witnesses but relied on his statement and the statement of his counsel substitute. The record does not indicate any request by appellant or his representative to confront or cross-examine witnesses. Appellant was found guilty of the charge. The finding was administratively affirmed. No judicial appeal was taken therefrom to this court. R. 2:2-3(a)(2); State v. Rydzewski, 112 N.J. Super. 517, 520 (App.Div. 1970). A prison punishment of reversion to maximum status and 15 days in lock-up and credit for time served was imposed.
On September 2, appellant was advised that his institutional infraction had been referred to the Parole Board. A hold was placed on his parole. A parole rescission hearing was held on September 23. Appellant testified and denied his guilt on the intoxication charge. On October 24, the Board rescinded appellant's October 7 parole date and required him to serve three additional months. He was paroled on January 27, 1981.
Appellant contends that the Parole Board denied him due process by accepting the courtline decision as res judicata, using it as the sole basis for his rescission. He asserts that the refusal to permit relitigation before the Parole Board of the administrative finding on the intoxication charge was a denial of fundamental fairness of constitutional dimension. The State contends that the question is moot since appellant was paroled months *536 ago and that the Office of the Public Defender is simply seeking a declaratory judgment from this court. The State contends that the strength of its mootness contention is revealed when the nature of the relief sought is considered; that is, a remand for a new rescission hearing which would be a totally meaningless act.
The potential collateral consequences to appellant attributable to his parole rescission in October 1980 are probably speculative and remote. They depend on whether he becomes reinvolved in the criminal justice system and what weight, if any, some future administrator or court might give to the parole rescission itself, over and above the administrative adjudication of intoxication. The authorities vary. One panel of this court has firmly ruled the question justiciable. Youth Correctional Center Bd. of Trustees v. Davis, 147 N.J. Super. 540 (App.Div. 1977). Other cases have followed this precedent. See State v. Dalonges, 128 N.J. Super. 140, 143 (App.Div. 1974); O'Neal v. N.J. State Parole Bd., 149 N.J. Super. 174, 180 (App.Div.), app. dism., 75 N.J. 590 (1977). We adopt these authorities and reach the merits. Cf. New Jersey State Parole Bd. v. Boulden, 156 N.J. Super. 494 (App.Div. 1978) (issue moot upon expiration of maximum sentence).
At the core of the dispute is the constitutionality of the following regulation adopted by the Parole Board:
(a) The Board panel or Board shall consider the final decision of the Department [of Corrections]'s officials responsible for adjudication of institutional infractions to be res judicata.

........
(c) When the basis for the rescission hearing or the alteration of the parole eligibility date is an institutional infraction, the Board panel or hearing officer reviewing the case shall consider aggravating and mitigating circumstances relating to the infraction but shall not consider evidence relating to the inmate's guilt or innocence of the commission of the institutional infractions. [N.J.A.C. 10A:71-2.4]
In this context we adhere to this court's decision in O'Neal v. N.J. State Parole Bd., supra, 149 N.J. Super. at 181, where we *537 held that the due process protections prescribed for prison disciplinary proceedings are most appropriate for a parole rescission proceeding.
In exercising the power of parole the Board does not sit as an appellate tribunal for inmates to relitigate factual determinations made at prison disciplinary hearings. A disgruntled inmate should pursue a judicial appeal from the courtline decision and the superintendent's affirmance. If no such appeal is taken, the Board is free to rely upon that prior administrative adjudication and on all other permissible data in deciding if parole should be rescinded. We conclude that the salutary goals of economy and finality compel an affirmance.
In this jurisdiction an inmate's procedural due process rights at a courtline hearing have been declared by the Supreme Court, Avant v. Clifford, 67 N.J. 496 (1975), and meticulously implemented by the Department of Corrections, see N.J.A.C. 10A:31-3.8.
In Morrissey v. Brewer, 408 U.S. 471, 490, 92 S.Ct. 2593, 2604-2605, 33 L.Ed.2d 484 (1972), the United States Supreme Court, in setting down the due process requirements for parole revocation hearings, stated that "obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." The meaning of the above-quoted section of Morrissey was recognized by this court in State v. Morales, 120 N.J. Super. 197, 202 (App.Div.), certif. den. 62 N.J. 77 (1972), where this court said "Morrissey clearly states that a parolee cannot relitigate issues determined against him in other forums. To now require a remand for an evidentiary hearing would be an exercise in futility." In Moody v. Daggett, 429 U.S. 78, 89, 97 S.Ct. 274, 279, 50 L.Ed.2d 236 (1976), the Supreme Court stated that when a "parolee admits or has been convicted of an offense plainly constituting a parole violation, the only remaining inquiry is whether continued release is justified notwithstanding the violation." See, also, Moss v. Patterson, 555 F.2d *538 137 (6 Cir.1977), cert. den. Kette v. Moss, 434 U.S. 873, 98 S.Ct. 221, 54 L.Ed.2d 153 (1977). Where due process safeguards are present at the initial adjudication, application of administrative res judicata meets no constitutional obstacle.
Our Supreme Court has recently "recognized that there are important goals to be achieved from the prudent and selective application in administrative proceedings of such doctrines as res judicata, collateral estoppel, and the single controversy rule." Hackensack v. Winner, 82 N.J. 1, 31 (1980). See also cases collected at Davis, Administrative Law Treatise § 18.03-1 to § 18.07 at 116 to 123 (1980 Supp.) on the developing area of administrative res judicata.
We conclude that appellant's remaining contentions: (1) the evidence was insufficient to warrant rescission and (2) the Parole Board caused appellant to suffer cruel and unusual punishment are clearly without merit. R. 2:11-3(e)(1)(E).
Affirmed.