Accordingly, the judgment under review is reversed.

ANTHONY GRANATA, APPELLANT, v. NEW JERSEY STATE PAROLE BOARD, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 12, 1989—Decided January 19, 1990.

Before Judges MICHELS, COHEN and BROCHIN.

*John Vincent Saykanic,* attorney for appellant (*John Vincent Saykanic,* on the brief).

*Peter N. Perretti, Jr.,* Attorney General of New Jersey, attorney for respondent (*Mary F. Rubinstein,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

Defendant Anthony Granata was convicted of theft by deception contrary to *N.J.S.A.* 2C:20-4. He was sentenced to the county jail for the one day which he had already served and to two years' probation. Subsequently, his probation was revoked because of violations, and he was sentenced to four years' imprisonment on the original charge.

When defendant was first considered for parole after serving a portion of his term, the Parole Board denied parole. It set a date sixteen months later as the next date upon which he would be considered for parole. Defendant appealed, contending that the Board's action denying parole on the first eligibility date was arbitrary, capricious and unsupported by the record.

During the pendency of this appeal, defendant was released from custody by an order of the Law Division issued pursuant to *R.* 3:21-10(b)(2) which authorizes "amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant." The Parole Board thereupon moved to dismiss this appeal as moot. The defendant opposed the motion, relying primarily upon *Bd. of Trustees of Youth Correct. Cent. v. Davis,* 147 *N.J.Super.* 540 (App.Div.1977), and *N.J. State Parole Bd. v. Woupes,* 184 *N.J.Super.* 533 (App.Div. 1981). We hold, however, that those decisions are not controlling, and that the present case is moot.

In *Bd. of Trustees of Youth Correct. Cent. v. Davis,* 147 *N.J.Super.* 540 (App.Div.1977), we held that a defendant's ap-

peal from the revocation of his parole for the use of narcotics, intoxication, abandonment of approved employment without consultation with his parole officer, and failure to participate in a methadone maintenance program was not mooted by his subsequent re-parole. Our rationale was that:

> While the collateral legal consequences inherent in a conviction or probation revocation may be more serious than those resulting from a parole revocation ... they are [not] so insubstantial as to be outweighed by the legitimate policy concerns underlying the mootness doctrine. It is true ... that a ... parole revocation generally becomes of moment only if defendant finds himself subsequently caught up once more in the criminal process. But we believe that such a defendant is entitled to proceed through that process, including sentencing and future parole release applications, unprejudiced by an improperly founded prior parole revocation. [*Id.* at 543–544.]

The *Davis* decision was followed in *N.J. Parole Bd. v. Woupes*, 184 *N.J.Super.* 533 (App.Div.1981). In *Woupes*, the defendant was granted parole July 1, 1980, to be effective October 7, 1980. Pending his parole, defendant was found guilty of intoxication, a violation of institutional regulations, and his parole date was rescinded. He appealed from the rescission, and he was paroled on January 27, 1981, during the pendency of the appeal. As in *Davis*, we held that defendant's release did not moot his appeal.

However, in *New Jersey State Parole Board v. Boulden*, 156 *N.J.Super.* 494 (App.Div.1978), we held that the defendant's appeal from his parole revocation was mooted by his re-parole and the expiration of his adjusted maximum sentence pending appeal. Declining to follow *Davis*, we said:

> The concern so manifested in *Davis* rests completely upon chance: First, that defendant may again find himself in difficulty with the criminal law; and, second, that if he does, the record of his earlier parole revocation may come to the attention of the sentencing judge or Parole Board and somehow, some way, adversely affect him. Neither does it take into account the countervailing public interest.
>
> There is little doubt that, in New Jersey, when a person has been convicted of a criminal or *quasi*-criminal offense, such conviction and the record thereof represents a stigma in the real sense of the term....
>
> The same may hardly be said for appellate review of a parole revocation, once the sentence has been completely executed and defendant unconditionally released. Such a review is little more than a meaningless exercise on a matter

of complete insignificance. The courts and the public are already sufficiently burdened with the litigation of meaningful matters of substance without having to hear and to decide matters so insubstantial and frivolous. Too, the public has a right to be free of the burden of the exercise of litigating such trivia. For it is the public which is called upon to finance most, if not all, of the cost of such matters through the Public Defender, as in the instant case. [*Id.* 156 *N.J.Super.* at 496–497]

In *New Jersey State Parole Bd. v. Gray,* 200 *N.J.Super.* 343 (App.Div.1985), again declining to follow *Davis,* we held that a defendant's appeal from the rescission and rescheduling of his parole eligibility date was mooted by his subsequent release on parole.

The present case does not involve either revocation or rescission of parole. What defendant complains about is the Parole Board's refusal to release him on his first eligibility date. That decision was based primarily on an evaluation of defendant's prior criminal record and the circumstances of his violations of probation which had resulted in the incarceration from which he sought to be paroled. Unlike revocation of parole or the rescission of a parole date because of a determination that the defendant has been guilty of a violation of the conditions of his parole, the Board's decision not to parole the defendant until a later date did not add to any stigma which he may have incurred by his prior conduct. Furthermore, defendant has not shown us how that decision would prejudice him in the event he again becomes entangled with the criminal justice system, and we perceive no potential prejudice. The only effect of the Board's decision was to defer defendant's release and the only remedy which he sought by his appeal was his immediate release. Since defendant has been released and has not shown that the Board's decision will subject him to any other adverse consequences, we hold that his release from custody has mooted his appeal.

Defendant's appeal is therefore dismissed.