261 N.J. Super. 242 (1993)
618 A.2d 868
HAMISI CINQUE, APPELLANT,
v.
NEW JERSEY DEPARTMENT OF CORRECTIONS AND HOWARD L. BEYER, ADMINISTRATOR, TRENTON STATE PRISON,[1] RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 4, 1992.
Decided January 5, 1993.
*243 Before ANTELL, DREIER and SKILLMAN, JJ.
Hamisi Cinque, appellant, submitted a brief pro se.
Robert J. Del Tufo, Attorney General, attorney for respondents (Mary C. Jacobson, Deputy Attorney General, of counsel; Thalia P. Cosmos, Deputy Attorney General, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
Appellant appeals from a final decision of the Administrator of the New Jersey State Prison upholding the Management Control Unit Special Classification Committee's decision assigning appellant to the Management Control Unit (MCU).[2] While this appeal was pending, appellant was released on parole. Respondents now move to dismiss the appeal on the ground that it is moot.
It is firmly established that controversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed. Oxfeld v. New Jersey State Board of Educ., 68 N.J. 301, 303-04, 344 A.2d 769 (1975); Anderson v. Sills, 143 N.J. Super. 432, 437-38, 363 A.2d 381 (Ch.Div. 1976). There are two basic reasons for this doctrine:
First, for reasons of judicial economy and restraint, courts will not decide cases in which the issue is hypothetical, a judgment cannot grant effective relief, or the parties do not have concrete adversity of interest. Second, it is a premise of the Anglo-American judicial system that a contest engendered by genuinely *244 conflicting self-interests of the parties is best suited to developing all relevant material before the court. [Id. at 437, 363 A.2d 381.]
If an inmate is subject to substantial collateral consequences as a result of the past action of a correctional agency, his appeal will not be mooted by subsequent agency action. New Jersey State Parole Board v. Woupes, 184 N.J. Super. 533, 446 A.2d 1214 (App.Div. 1981); Board of Trustees of Youth Correctional Center v. Davis, 147 N.J. Super. 540, 542-44, 371 A.2d 768 (App.Div. 1977). But if the potential of adverse collateral consequences is speculative and remote, an inmate's appeal from a correctional agency's action which has been mooted by later agency action will be dismissed. Granata v. New Jersey State Parole Board, 237 N.J. Super. 630, 568 A.2d 921 (App. Div. 1990); New Jersey State Parole Board v. Gray, 200 N.J. Super. 343, 347, 491 A.2d 742 (App.Div. 1985); New Jersey State Parole Board v. Boulden, 156 N.J. Super. 494, 496-99, 384 A.2d 167 (App.Div. 1978).
We perceive no possible collateral consequences as a result of appellant's confinement in the MCU. Since this confinement was ordered solely for administrative reasons rather than as a sanction for a disciplinary infraction, appellant did not incur any loss of commutation time. Nor is there any indication appellant's parole is more likely to be revoked or that he may suffer any other adverse future consequence as a result of his confinement in the MCU. Therefore, the only relief to which appellant would have been entitled had he prevailed in this appeal would have been a transfer out of the MCU into the general prison population. Since appellant's parole has resulted in his complete release from incarceration, which involves a lesser restriction on his liberty than confinement in a general prison population, this appeal is now moot.
Accordingly, the appeal is dismissed.
NOTES
[1] By enactment of chapter 304 of the Laws of 1987, the institution formerly called Trenton State Prison was renamed New Jersey State Prison. See N.J.S.A. 30:1B-8, 8.1.
[2] Confinement in the MCU is more restrictive than confinement within the general prison population. See N.J.A.C. 10A:5-2.11 to -2.27; Layton v. Beyer, 953 F.2d 839, 842, 844 (3d Cir.1992); Perez v. Neubert, 611 F. Supp. 830, 836 (D.N.J. 1985).