**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3449-15T1

JEFFREY S. FELD, ESQ.,

    Plaintiff-Appellant,

v.

THE CITY OF ORANGE TOWNSHIP,
THE CITY OF ORANGE TOWNSHIP
CITY COUNCIL, MUNICIPAL CLERK
JOYCE L. LANIER, MAYOR DWAYNE
D. WARREN, CITY ATTORNEY DAN
S. SMITH, COUNCIL PRESIDENT
DONNA K. WILLIAMS, and NORTH
WARD COUNCILPERSON TENCY A.
EASON,

    Defendants-Respondents,

and

JAY L. LUBETKIN, CHAPTER 11
TRUSTEE FOR THE BANKRUPTCY
ESTATES OF YWCA OF ESSEX AND
WEST HUDSON, INC.,

    Defendant/Intervenor-
    Respondent.

_____

Argued February 7, 2018 — Decided August 8, 2018

Before Judges Fuentes, Koblitz, and Suter.

> On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4328-15.
>
> Jeffrey S. Feld, appellant, argued the cause pro se.
>
> Robert D. Kretzer argued the cause for respondents (Lamb Kretzer, LLC, attorneys; Robert D. Kretzer, on the brief).
>
> John J. Harmon argued the cause for intervenor-respondent (Rabinowitz, Lubetkin & Tully, LLC, attorneys; John J. Harmon, on the brief).

PER CURIAM

Plaintiff Jeffrey S. Feld, Esq., appeals from orders that together dismissed his civil action in lieu of prerogative writs against defendants, the City of Orange Township (the City); the City of Orange Township City Council (City Council); Municipal Clerk Joyce L. Lanier, Mayor Dwayne D. Warren, City Attorney Dan S. Smith, Council President Donna K. Williams and North Ward Councilperson Tency A. Eason (City defendants); and defendant-intervenor Jay L. Lubetkin, Chapter 11 Trustee for the Bankruptcy Estates of YWCA of Essex and West Hudson, Inc. (Trustee). The July 24, 2015 order found that City Ordinance 23-2015[1] was "constitutional" and "valid." That ordinance amended the City's

---

[1] Entitled "An Ordinance Amending Chapter 4 of the Municipal Code of the City of Orange Township Entitled Administration of Government Dealing [with] Procedural Rules of the City Council" (the comment limitation ordinance).

procedural rules to allow members of the public to speak for a maximum of five minutes instead of ten on general issues, agenda items or second readings of ordinances. The September 9, 2015 order denied plaintiff's request for a stay of enforcement of the comment limitation ordinance. The March 7, 2016 orders dismissed the remaining counts of plaintiff's complaint. We affirm all the orders.

Plaintiff, on behalf of himself and his parents' businesses, has been in litigation with the City and various redevelopers for years. In a previous unpublished case, we commented on his mode of litigation, which applies equally here. Feld v. City of Orange Twp. (Feld VI and VIII), Nos. A-3911-12 and A-4880-12 (App. Div. March 26, 2015) (slip. op. at 3-4).[2]

On May 19, 2015, the City adopted Ordinance 23-2015, that reduced the time from ten minutes to five that individual members of the public could speak at City Council meetings on general issues, agenda items or second readings of ordinances before adoption. This ordinance provided that under the then existing ten-minute rule, "council meetings can extend late into the evening

---

[2]  We cite to this unreported case because it involves many of the same parties and an issue involving plaintiff's standing. In the cited case, we affirmed Feld's lack of standing except for his claim arising under the Open Public Meetings Act, N.J.S.A. 10:4-6 to -21.

or early into the next day" and this "discourage[s], if not preclude[s] a fair opportunity to be heard by other members of the public." It noted that other municipalities limited the time for speaking during the public meeting to five minutes. The ordinance provided that it was in the "best interests of all those wishing to address the Council" to clarify the rules and to limit all public speakers to "an aggregate total of five (5) minutes regardless of whether speaking on general issues, agenda items or [second] readings of ordinances." The ordinance provided that "without appropriate and rational limitations, the rights of all public speakers are curtailed and undermined." The ordinance was approved by the City's mayor on May 28, 2015, and was effective twenty days after its publication on June 4, 2015.

On April 13, 2015, City Council approved Resolution 112-2015, that authorized the City's mayor to execute a lease and option (the lease option) to buy a building owned by the YWCA of Orange, which had filed for Chapter 11 bankruptcy. The building was the YWCA's primary asset. Feld and other persons addressed City Council at the meeting. The mayor signed the lease option on May 21, 2015. When the Trustee requested approval of the lease option by the bankruptcy court, plaintiff objected, claiming the City had not properly authorized the agreement. The bankruptcy court approved the lease option, allowed the Trustee to intervene in the

adversary proceeding and remanded it to the Superior Court. Since that time, the City approved a resolution that required an ordinance to approve the purchase.[3]

On June 19, 2015, plaintiff filed a 257 paragraph complaint in lieu of prerogative writs against defendants. Count one alleged that the five minute comment ordinance was ultra vires and unconstitutionally restricted political speech. It alleged the ordinance lacked evidentiary support and a factual record and that it deprived "stakeholders of certain constitutional and statutory rights and privileges."

Count two sought to void the YWCA lease option. It alleged plaintiff "and his family business" will be harmed by enforcement of the lease without "proper notice[]" and a "public hearing on the financial ramifications" of the lease. It also requested broad-ranging declaratory relief relating to the lease against the City defendants.

Count three alleged that defendants violated and conspired to violate plaintiff's federal and state constitutional and

---

[3] Plaintiff's brief stated that ordinance 12-2016 was approved; the City exercised the option to purchase the building and closed on it. Plaintiff challenged that ordinance in the Superior Court, Law Division of Essex County, Docket No. L-2993-16. His appeal was dismissed on December 21, 2017, for failure to file a timely brief.

statutory rights.  It requested the court to enjoin defendants from further violations.  This count alleged that defendants denied plaintiff "and other stakeholders of the benefits of line item budget appropriation limitations and 'CAP' contained in a properly approved amended CY 2014 Budget" and "of a statutory [sic] mandated full time business administrator and tax collector."  It asked for affirmative relief directing the City to "broadcast and videotape all open and public city council meetings" and to post all approved minutes on the City's public website.

Count four requested a judgment against the City defendants based on a claimed violation of 42 U.S.C. § 1983.  The complaint sought injunctive relief similar to that requested in count three.

On June 26, 2015, the trial court signed an order requiring defendants to show cause (OTSC) why they should not be restrained from enforcing the five-minute comment period and the YWCA lease option.  The court listed a return date for the OTSC without imposing any temporary restraints.

The OTSC was returnable on July 24, 2015, limited to Ordinance 23-2015 because the YWCA lease option issue had been removed to the Bankruptcy Court.[4]  The trial court heard argument by the

---

[4] After the OTSC was signed, the Trustee filed a notice of removal, removing to federal court the claims in count two that related to the YWCA lease option, claiming that the agreement constituted

parties and testimony from defendant Tency Eason. Plaintiff did not object to Eason's testimony or ask for cross-examination.[5] Eason testified the ordinance was needed to administer the Council meetings more efficiently. Council meetings were going too long, often until midnight or later. The ordinance was an attempt to "make sure that all of the comments are heard" and everyone "gets a chance to talk."

The trial court held that the comment limitation ordinance was "constitutional" and "valid." The trial court explained that the ordinance was "totally neutral," because it afforded the same amount of time to people who expressed opinions on both sides of an issue. The court found that the municipality established a compelling state interest, because if meetings lasted too long, that might discourage qualified people from serving on City Council and cause members of the public to lose interest in attending the meetings. The time limit might actually "encourage more speech than [it would] discourage." Plaintiff's motion for reconsideration and a stay was denied on September 9, 2015, by a different trial judge.

---

property of the YWCA's estate. The removed claims were remanded by order of the Bankruptcy court on December 2, 2015.

[5] Three days later, he wrote to the court that he reserved his right to challenge her "veracity," characterizing her testimony as "sua sponte" and not subject to cross-examination.

With respect to plaintiff's claim that he twice was removed from the podium at meetings, the court requested additional information about the dates and requested the audiotapes from those meetings. Plaintiff supplied a list of twelve dates from September 2, 2014, to July 24, 2015, where he claimed defendants "interrupted, impaired and attempted to censure [his] political free speech"; his letter did not say he was physically removed.

In December 2015, the Trustee, who had intervened in the case, filed a motion under Rule 4:6-2(e) to dismiss the complaint, alleging that plaintiff lacked standing to assert claims regarding the YWCA lease option. The City defendants filed a cross-motion to dismiss all the counts of plaintiff's complaint. Plaintiff opposed both motions.

Following oral argument, the court dismissed plaintiff's complaint on March 7, 2016, entering two orders. The orders dismissed count one pursuant to the court's previous finding on July 24, 2015, that Ordinance 23-2015 was constitutional and valid. The claim in count two pertaining to the YWCA lease option was dismissed as moot and for lack of standing. The court dismissed any remaining claims in count two based on plaintiff's lack of standing.

The court dismissed counts three and four based on its finding that defendants had not violated plaintiff's state or federal

civil rights.

In this appeal, plaintiff claims that the trial court erred by dismissing the complaint. He alleges that the comment limitation ordinance affected his political free speech rights; that the court did not consider if that ordinance "left open ample alternative channels of communication"; that it was enacted without an evidentiary record; and that he has standing to challenge it. Plaintiff alleges that the challenged orders deprived him of equal access to justice. He claims he was denied due process because he could not cross-examine a witness. We do not find merit in these arguments.

When a motion to dismiss a complaint under Rule 4:6-2(e) includes matters outside the pleadings that are not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided by [Rule] 4:46." See Tisby v. Camden Cty. Corr. Facility, 448 N.J. Super. 241, 246-47 (App. Div.), certif. denied, 230 N.J. 376 (2017).

Here, we review the motions to dismiss as summary judgment motions and use the same de novo standard for both motions. Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to

a judgment or order as a matter of law."  Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

We agree with the trial court that plaintiff lacked standing to challenge the comment limitation ordinance.  To have standing to sue under the common law, a litigant must have "a sufficient stake in the outcome of the litigation, a real adverseness with respect to the subject matter, and a substantial likelihood that the party will suffer harm in the event of an unfavorable decision."  In re Camden Cnty., 170 N.J. 439, 449 (2002). Plaintiff cannot meet this standard.  He is not a resident or property or business owner in the City.  See Feld VI and VIII, slip op. at 7.

In a prerogative writs action, a plaintiff must have a sufficient stake in the matter to challenge the governmental action.  See Al Walker, Inc. v. Borough of Stanhope, 23 N.J. 657, 664-66 (1957).  Plaintiff has not alleged a personal stake here.

We agree also with the trial judge that plaintiff did not overcome the validity of the ordinance.  Actions of a municipal body are presumed valid and will not be disturbed without sufficient proof that the conduct was arbitrary, capricious or unreasonable.  See Grabowsky v. Twp. of Montclair, 221 N.J. 536, 551 (2015); Witt v. Gloucester Cty. Bd. of Chosen Freeholders, 94

N.J. 422, 430 (1983). The burden of proof rests with the plaintiff who challenges the municipal action. Price v. Himeji, LLC, 214 N.J. 263, 284 (2013).

The trial court properly rejected plaintiff's claims that the comment limitation ordinance suffered constitutional deficiency. The First Amendment right to speak freely, without censorship or suppression by the government, is subject to reasonable restrictions. In re Attorney General's "Directive on Exit Polling: Media & Non-Partisan Pub. Interest Grps.", 200 N.J. 283, 303-04 (2009). A governing body may place reasonable restrictions on "the time, place, and manner of protected speech and expressive activity in a public forum." Id. at 304; see Besler v. Bd. of Ed. of W. Windsor-Plainsboro Reg'l Sch. Dist., 201 N.J. 544, 570 (2009). To withstand constitutional challenge, the restrictions must be "justified without reference to the content of the regulated speech"; "narrowly tailored to serve a significant governmental interest"; and "leave open[s] ample alternative channels for communication of the information." Ibid. (quoting Clark v. Cmty. for Creative Non-Violence, 468 U.S. 288, 293 (1984)).

Here, the ordinance limited the time for each member of the public to comment but did not regulate the content of the comments. It did not foreclose other avenues of communication. The ordinance

11

did not limit written communication. It did not limit the content of the communication, but just the amount of time. The ordinance was narrowly tailored to achieve the government's significant interest in allowing greater participation by more members of the public. It provided that it was in the "best interests" of "all those wishing to address the Council" and that "without appropriate and rational limitations, the rights of all public speakers are curtailed and undermined."

The ordinance did not violate the OPMA. The Supreme Court recently has stated with respect to the OPMA, that "public bodies are given discretion in how to conduct their meetings." Kean Fed'n of Teachers v. Morell, __ N.J. __, __ (2018) (slip op. at 5) (citing N.J.S.A. 10:4-12(a)). That statute provides that "[n]othing in this act shall be construed to limit the discretion of a public body to permit, prohibit, or regulate the active participation of the public at any meeting," except that municipal governing bodies and local boards of education are required to set aside time for public comment. N.J.S.A. 10:4-12(a). The ordinance regulated the amount of time that members of the public could use to address the Council. Plaintiff did not show that this was arbitrary, capricious or unreasonable.

Count two of plaintiff's complaint challenged the resolution that approved the YWCA lease purchase agreement. The trial court

dismissed this count because it was moot and because plaintiff lacked standing. "[F]or reasons of judicial economy and restraint, courts will not decide cases in which the issue is hypothetical, [or] a judgment cannot grant effective relief . . . ." Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993) (citation omitted). Count two clearly was moot to the extent that it claimed the YWCA lease option was invalid without an ordinance. City Council approved a subsequent resolution that required the City to proceed by ordinance in approving the purchase.

To the extent count two may have raised other issues, we agree with the trial court that plaintiff lacked standing for the same reasons that he lacked standing for count one. Plaintiff argued his claims constituted violations of the Faulkner Act, N.J.S.A. 40:69A-1 to -210; the Local Budget Law, N.J.S.A. 40A:4-1 to -89; the Local Fiscal Affairs Law, N.J.S.A. 40A:5-1 to -42; and the Local Lands and Buildings Law, N.J.S.A. 40A:12-1 to -30. None of these statutes expressly conferred standing on individual members of the public. Therefore, because plaintiff had no common law standing, he also had no standing under these laws.

Plaintiff's count two did not show any factual basis to support an OPMA claim. "[C]onclusory allegations are insufficient" to avoid dismissal. Scheidt v. DRS Techs. Inc., 424 N.J. Super. 188, 193 (App. Div. 2012) (citations omitted).

13                                    A-3449-15T1

Therefore that law also would not provide standing to plaintiff in this case.

We are not persuaded that the court erred in dismissing plaintiff's claimed civil rights or Section 1983 violations. The gravamen of his claims under the Civil Rights Act and Section 1983 counts of the complaint (counts three and four) relate to the free speech issue that plaintiff contends is raised by Ordinance 23-2015. Since we have affirmed the comment limitation ordinance, we agree with the trial court that these counts were properly dismissed. He provided no factual basis to support any of the claimed violations.

After carefully reviewing the record and the applicable legal principles, we conclude that plaintiff's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION