**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5054-17T2

175 EXECUTIVE HOUSE,

    Plaintiff-Appellant,

v.

LAMAR HARRIS,

    Defendant-Respondent.

_____

Argued September 10, 2019 – Decided September 27, 2019

Before Judges Ostrer, Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. LT-008906-18.

Erin Ehrlich Caro argued the cause for appellant (Ehrlich, Petriello, Gudin & Plaza, attorneys; Erin Ehrlich Caro, on the briefs).

Felipe Chavana argued the cause for respondent (Essex-Newark Legal Services, attorneys; Maria D. Castruita and Felipe Chavana, on the brief).

PER CURIAM

In this landlord-tenant matter, plaintiff-landlord 175 Executive House sought possession, for non-payment of rent, of an apartment it leased to a longtime tenant, defendant Lamar Harris. Harris had recently lost his job due to an injury, and was in financial distress. He sought temporary rental assistance (TRA) from the Essex County Department of Family Assistance and Benefits. Harris qualified for assistance, but the agency also required plaintiff to complete various forms. Among other things, the forms committed plaintiff to accept the agency's TRA payments and dismiss its pending action against defendant, although the forms shielded the agency from suit if it failed to make payment. Plaintiff contended that if it completed the forms, it would waive various legal and contractual rights, including its right to immediate payment of rent, and its right to sue the agency if for any reason it failed to transmit the entire TRA payment. So, plaintiff refused.

By order entered June 18, 2018, the trial court compelled plaintiff to complete the forms. The court held that plaintiff's refusal would violate the Law Against Discrimination's (LAD) prohibition of discrimination based on the "source of lawful income used for rental . . . payments." N.J.S.A. 10:5-12(g)(1).

Plaintiff appeals from that order, contending that it refused to complete the forms not because of the source of rental assistance, but because the forms involved a waiver of its rights.

We dismiss the appeal as moot. Plaintiff complied with the court's order, thereafter received all then-due rent arrears, and dismissed its suit for possession and removal.[1] A matter is moot when the requested decision "can have no practical effect on the existing controversy." Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)). We will generally not decide a case "in which the issue is hypothetical, a judgment cannot grant effective relief, or the parties do not have concrete adversity of interest." Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993) (quoting Anderson v. Sills, 143 N.J. Super. 432, 437 (Ch. Div. 1976)); see also Statewide Hi-Way Safety, Inc. v. N.J. Dep't of Transp., 283 N.J. Super. 223, 225-26 (App. Div. 1995) (dismissing as moot an appeal challenging the award of a public contract that was substantially performed).

---

[1] Thereafter defendant again fell behind in his rent payments, which prompted subsequent suits by the landlord, payment of arrears, and dismissal of the actions.

We recognize that we may consider moot issues that are "of substantial importance, likely to reoccur but capable of evading review." Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996) (Pollack J., concurring); see also De Vesa v. Dorsey, 134 N.J. 420, 428 (1993). No doubt, access to housing is an issue of significant public importance. So are the rights of landlords to control their property within the law, and the rights of tenants to avail themselves of assistance without discrimination.

However, we may hesitate to address a moot case that presents a novel question of significant potential impact, on a less than fulsome record. See Sente v. Mayor and Mun. Council of Clifton, 66 N.J. 204, 205 (1974) (declining to consider issues in moot case where "the record and contentions on a novel and very far-reaching question are so unsatisfactory that [the Court] cannot be confident of reaching the correct result"). That is the case, here. Plaintiff seeks a declaration on an issue unaddressed in our cases under the LAD that could significantly undermine the effectiveness of a vital housing assistance program. Critically, the matter before us does not include the agency as a party, nor does the scant record provide a full picture of how the program operates in practice. Furthermore, we recognize the issue presented to us conceivably may recur, if plaintiff refuses to cooperate when confronted with another tenant who seeks

TRA. However, we have no evidence that landlord resistance to the program is currently widespread, so as to call out for judicial resolution now. For those reasons, we dismiss the appeal as moot.

Dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION