182 N.J. Super. 415 (1981)
442 A.2d 614
RENAN REALTY CORP., APPELLANT,
v.
STATE OF NEW JERSEY, DEPARTMENT OF COMMUNITY AFFAIRS, BUREAU OF HOUSING INSPECTION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 6, 1981.
Decided October 15, 1981.
*417 Before Judges MATTHEWS and PETRELLA.
Shaljian, Cammarata & O'Connor, for appellant (Ronald H. Shaljian, on the brief).
James R. Zazzali, Attorney General of New Jersey, for respondent (Erminie L. Conley, Assistant Attorney General, of counsel; Dennis R. Casale, Deputy Attorney General, on the brief).
PER CURIAM.
Appellant is the owner of a multiple dwelling located at 40 East Columbia Avenue, Palisades Park. On January 27, 1977 the Department of Community Affairs, Bureau of Housing Inspection, conducted an inspection of appellant's premises and ordered it to install a second means of egress pursuant to N.J.A.C. 5:10-19.4(d)(3) ("Regulations for Maintenance of Hotels and Multiple Dwellings"). Thereafter, appellant requested an exception to the requirements of this regulation which requires that there be at least two independent exits remote from each other, from every floor of a multiple dwelling.
After a hearing the hearing examiner rendered a recommended decision in which he found that appellant failed to show that compliance with the regulation would result in undue hardship and that appellant failed to show that the grant of an *418 exception to the regulation would not unreasonably jeopardize the health, safety and welfare of the occupants. He therefore recommended that the request for an exception be denied and that appellant be required to install a second means of egress within 120 days of the Commissioner's final decision.
The Commissioner of the Department of Community Affairs adopted the hearing examiner's recommended decision as his final decision.
Appellant contends that the decision of the Commissioner to deny its request for an exception to the requirement of N.J.A.C. 5:10-19.4(d)(3) was arbitrary, capricious and unreasonable.
The Hotel and Multiple Dwelling Law, N.J.S.A. 55:13A-1 et seq., was enacted as "remedial legislation necessary for the protection of the health and welfare of the residents of this State in order to assure the provision therefor of decent, standard and safe units of dwelling space...." N.J.S.A. 55:13A-2. The act is to be liberally construed in order to effectuate its purposes and intent. Ibid. The Commissioner of the Department of Community Affairs is authorized to promulgate such regulations as he deems necessary to assure that any multiple dwelling "will be constructed and maintained in such manner as is consistent with, and will protect, the health, safety and welfare of the occupants ... or of the public generally." N.J.S.A. 55:13A-7. The Commissioner has been granted specific statutory authority to issue regulations concerning methods of egress from a multiple dwelling, including fire escapes, outside fireproof stairways and additional stairways. N.J.S.A. 55:13A-7(b).
Pursuant to this express statutory authority, the Commissioner promulgated N.J.A.C. 5:10-19.4(d)(3), which provides:
Means of egress shall be maintained so as to comply with the exit requirements of the law effective and applicable as of the date of construction or of conversion to a hotel or multiple dwelling. However; there shall not be less than two independent exits remote from each other, from every floor of a building, except that only one exit may be provided from floors that are not *419 more than 16 feet above exterior grade in buildings not more than two stories or 30 feet in height....
........
i. When fire escapes, interior or exterior stairs are installed to provide a required means of egress, they shall conform to applicable construction codes of the New Jersey Uniform Construction Code. [Emphasis supplied]
Appellant argues that it is entitled to an exception from the above-quoted regulation because compliance would constitute an undue hardship, and because the lack of a second means of egress in its building does not unreasonably jeopardize the health, safety and welfare of the occupants and the public in general. N.J.S.A. 55:13A-11(a) provides that
Upon the application of the owner of any hotel or multiple dwelling ... the commissioner may grant exceptions from the literal requirements of any regulation.... No such exceptions shall be granted in any particular case unless the commissioner shall find: (1) that strict compliance with any such regulation, if required, would result in undue hardship to such owner; and (2) that the exception, if granted, will not unreasonably jeopardize the health, safety and welfare of intended occupants and the public generally.
In addition, before an exception may be granted, an owner is required to show that there are feasible alternatives to the requirements of the regulation which would adequately protect the health, safety and welfare of the occupants and the public in general. N.J.S.A. 55:13A-11(b)(4).
It is well settled that this court will not overturn a final decision of an administrative agency absent a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence, or that it violated legislative policies expressed or implicit in the act governing the agency. Campbell v. Civil Service Dep't, 39 N.J. 556, 562 (1963). In reviewing factual determinations made by an administrative agency we will not intervene if the findings could reasonably have been reached on sufficient credible evidence present in the record, giving due regard to the opportunity of the one who heard the witnesses to judge their credibility. Regard must also be given to an agency's expertise, where such expertise is a pertinent factor. Close v. Kordulak Bros., 44 N.J. 589, 599 (1965).
*420 A review of the record in this case indicates that the Commissioner's decision to deny appellant's request for an exception was based on sufficient credible evidence in the record and was neither arbitrary nor unreasonable.
Appellant argues, however, that the record is replete with references to the financial burden which would be imposed upon it, were this court to affirm the Commissioner's decision requiring the installation of a second means of egress. While it is true that the cost estimate obtained by appellant indicates that installation of a second means of egress would be quite costly, we note that appellant made no effort to obtain any further estimates which would have indicated whether the initial estimate was in fact reasonable. Although the building shows only a slight profit, appellant did not produce any evidence to indicate that it could not obtain financing for the improvement. The Palisades Park rent control ordinance provides that the cost of compliance can be legally passed through to the tenants in the form of modest rent increases, inasmuch as a second means of egress clearly constitutes a capital improvement. Appellant can therefore spread the cost of construction over an extended period of time among all residents enjoying its benefits. See Trentacost v. Brussel, 82 N.J. 214, 226 (1980).
Moreover, as noted by the hearing officer, financial hardship alone does not rise to the level of the "undue hardship" contemplated by the statute. The law recognizes that great hardship may be imposed upon an owner if such hardship is necessary to protect the health, safety or welfare of the public. See Lom-Ran v. Environmental Protection Dep't, 163 N.J. Super. 376, 384, 387 (App.Div. 1978); State v. Owens-Corning Fiberglas Corp., 100 N.J. Super. 366, 394 (App.Div. 1968), aff'd o.b. 53 N.J. 248 (1969); National Lumber Products Co. v. Ponzio, 133 N.J.L. 95, 99-100 (Sup.Ct. 1945). In view of the liberal interpretation which must be accorded to the Hotel and Multiple Dwelling Law so that its purpose of providing decent and safe dwellings to members of the public may be achieved, it seems evident that an *421 applicant for an exception must show more than mere financial hardship in order to support its claim.
In addition to proving an undue hardship, appellant must also establish that an exception to the regulation will not unreasonably jeopardize the health, safety and welfare of the occupants and the public in general. The State's expert testified that the unenclosed staircase which currently exists in the building is inadequate in terms of fire safety because it does not provide a protected area into which residents can enter to escape smoke and fire while they exit from the building. The unenclosed staircase would act as a conduit for smoke during the course of a fire. Smoke would permeate the entire staircase and would create a very hazardous condition for all the occupants attempting to escape. A second means of egress is necessary in order to afford the occupants of the dwelling an alternate route of escape in the event that the unenclosed staircase is blocked or contaminated by smoke or fire.
We are aware that appellant's expert testified that the present unenclosed stairway is beneficial in terms of fire safety because of its unobstructed vertical shaft which would permit smoke to rise to the top level and exit through the roof, and that no appreciable safety improvement would be achieved by constructing a second means of egress. However, the choice of accepting or rejecting the testimony of witnesses rests with the administrative agency, and where such choice is reasonably made, it is conclusive on appeal. We read the record, not to balance the persuasiveness of the evidence on one side as against the other, but in order to determine whether a reasonable mind might accept the evidence as adequate to support the conclusion. See State v. Owens-Corning Fiberglas Corp., 100 N.J. Super. 366, 393 (App.Div. 1968); Hornauer v. Alcoholic Beverage Control Div., 40 N.J. Super. 501, 503-505 (App.Div. 1956). The record here contains sufficient credible evidence to support the Commissioner's determination that lack of a second means of egress would unreasonably jeopardize the health, safety and welfare of the occupants and the public in general.
*422 We find no merit in appellant's contention that a smoke detection alarm system is a feasible alternative to the requirement of a second means of egress. See N.J.S.A. 55:13A-11(b)(4). As explained by the State's expert witness, such a system merely alerts the residents of the building of the presence of smoke, but does nothing to provide the residents with a means of escape in the event that the sole means of egress is blocked or contaminated by smoke. Subsequent to the hearing in this matter the Legislature amended the Hotel and Multiple Dwelling Law to require such an alarm system in all multiple dwellings. N.J.S.A. 55:13A-7.1. Such a system is required in addition to, and not in lieu of, a second means of egress.
Affirmed.