**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4259-16T2

CARMEN AMADOR,

    Petitioner-Appellant,

v.

NEW JERSEY DEPARTMENT
OF HEALTH,

    Respondent-Respondent.

_____

Submitted May 16, 2018 — Decided June 7, 2018

Before Judges Koblitz, Manahan and Suter.

On appeal from the New Jersey Department of
Health, Docket No. 15-198.

Michael K. McFadden, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney
for respondent (Melissa H. Raksa, Assistant
Attorney General, of counsel; Arundhati
Mohankumar, Deputy Attorney General, on the
brief).

PER CURIAM

    Petitioner Carmen Amador appeals the final agency decision

of the New Jersey Department of Health (Department) that she abused

and neglected a nursing home resident under her care. As a result

of the decision, the Department revoked Amador's certification and placed the abuse and neglect finding next to her name on the New Jersey Nurse Aide Registry (Registry). We affirm.

Amador was employed as a certified nurse's aide (CNA) at Victoria Manor Residential Facility (Victoria Manor). On June 5, 2017, Amador was caring for a resident, R.F.,[1] who was 104 years old at the time of the incident. R.F. was described as being "very strong-minded and strong-willed," who suffered from elements of dementia and who required the use of a wheelchair.[2]

On June 5, 2017, two employees at Victoria Manor, Rebecca Chase, a Registered Nurse and Assistant Director and Clinical Reimbursement Coordinator, and Dawn Larkin, a Registered Nurse, observed R.F. "trying to pull herself away from the wall." As Chase and Larkin approached R.F., they noticed she was "frustrated" and observed that her wheel chair was tied to a handrail with a trash bag.

Based upon what Chase and Larkin observed, all CNAs were called to the nursing station to address the incident. Amador admitted to using a trash bag to tie R.F.'s wheelchair to the railing as a "joke." Amador further admitted that she left R.F.

---

[1] We use initials for the purpose of confidentiality.

[2] R.F. could stand and walk for short distances with assistance.

restrained to the handrail in order to respond to another nurse's request for assistance.

Subsequent to an internal investigation, a Facility Reporting Incident Data Analysis Yield was completed by the Director of Nursing, Donna Mayer, and the Administrator, Sabrina Cebella. The investigation resulted in a finding of abuse and neglect by Amador based upon the abuse policy of the State of New Jersey. On September 8, 2015, Amador was notified of the allegations against her and the Department scheduled an informal conference.

The Department issued a written notice on October 30, 2015, which informed Amador of the results of the Department's investigation and of her right to a fair hearing. Amador requested a hearing on November 11, 2011. The Department forwarded the matter to the Office of Administrative Law (OAL) as a contested case.

A hearing took place on November 29, 2016 before Administrative Law Judge Dean Buono. The Department presented three witnesses; Mayer, Chase and Larkin, who each testified in accordance with their written statements. In addition to her testimony, Amador presented four witnesses; Dorothy Sheehan, Kiana Evans, Dustin Brown and Jessica Carrasquillo.

The judge issued a written initial decision on March 16, 2017, holding that the Department proved by a preponderance of

credible evidence that Amador's actions rose to the level of abuse

and neglect.  In terms of credibility, the judge found:

> For testimony to be believed, it must not
> only come from the mouth of a credible
> witness, but it also has to be credible in
> itself.  It must elicit evidence that is from
> such common experience and observation that
> it can be approved as proper under the
> circumstances.  See Spagnuolo v. Bonnet, 16
> N.J. 546 (1954); Gallo v. Gallo, 66 N.J.
> Super. 1 (App. Div. 1961).
>
> . . . .
>
> The testimony of the [Department's]
> witnesses was especially credible and
> persuasive.  Their testimony was clear and
> concise.  It was apparent from the tenor of
> the testimony that they had no bias toward or
> against petitioner.  They simply testified as
> to what they saw.  It was also obvious that
> their concerns rested solely on the residents
> in the facility.
>
> Along those same lines, the witnesses for
> [Amador] also testified credibly.  However,
> [Amador's] own testimony assisted the
> [Department] in proving the facts of the case
> by a preponderance of the evidence.  She
> admitted to using the plastic trash bag to
> affix the wheelchair to the railing.  It is
> disturbing that [Amador] simply did it as a
> "joke."

The judge further found that R.F. appeared to be frustrated

and agitated from having her movement restrained.  The judge

determined that Amador's actions amounted to "the willful

infliction of injury . . . with resulting physical harm, pain or

mental anguish," and that an abuse and neglect finding should be placed next to her name in the Registry.

The initial decision was filed with the Commissioner of the Department for consideration. On April 26, 2017, after an independent evaluation of the record, the Commissioner adopted the judge's findings of fact and conclusions of law and ordered that Amador's nurse aide certificate be revoked and that a finding of abuse and neglect be placed next to Amador's name on the Registry pursuant to 42 C.F.R. §483.156(c)(1)(iv). On May 2, 2017, Amador received notice that her certification was revoked. This appeal followed.

On appeal, Amador raises the following points:

POINT I

THE TRIAL COURT ERRED [] AS THE DECISION IS UNREASONABLE AND LACKS FAIR SUPPORT IN THE RECORD AS A WHOLE AND THUS BEING AGAINST THE WEIGHT OF THE EVIDENCE.

POINT II

THE COURT SHOULD NOT HAVE CONSIDERED A CLAIM AGAINST THE PLAINTIFF FOR NEGLECT.

Our review of administrative agency decisions is limited. In re Taylor, 158 N.J. 644, 656 (1999). A final agency decision will not be upset unless it is shown to be arbitrary, capricious or unreasonable or lacks fair support in the record as a whole. In re of Musick, 143 N.J. 206, 216 (1996); Henry v. Rahway State

Prison, 81 N.J. 571, 579-80, (1980). Further, appellate courts will afford substantial deference to the administrative agency's expertise in its field. Riverside Gen. Hosp. v. N.J. Hosp. Rate Setting Comm'n, 98 N.J. 458, 469 (1985). Therefore, an agency's interpretation of legislation is entitled to great weight. Peper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 69-70 (1978). We are thus asked to decide "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record' considering 'the proofs as a whole.'" In re Taylor, 158 N.J. at 656; (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). In doing so, we give "due regard" to the ability of the factfinder who heard the witnesses to judge credibility, Close, 44 N.J. at 599, and defer to these credibility findings "that are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record." State v. Locurto, 157 N.J. 463, 474 (1999). More specifically, "the choice of accepting or rejecting the testimony of witnesses rests with the administrative agency, and where such choice is reasonably made, it is conclusive on appeal." Renan Realty Corp. v. State, Dep't of Cmty. Affairs, Bureau of Hous. Inspection, 182 N.J. Super. 415, 421 (App. Div. 1981).

Measured by this standard, we conclude that the final agency decision was premised upon sufficient credible evidence establishing Amador's abusive and neglectful treatment. The judge credited the accounts of Chase and Larkin, that R.F. was visibly "frustrated" when her wheelchair was found tied to the railing, and Amador's own statement, in which she admitted to intentionally tying the wheelchair to the railing and leaving R.F. unattended, which witnesses from both sides credibly testified is never permissible. In contrast, the judge discredited Amador's general denial and claim that her actions were meant to be a "joke." We discern no reason to disturb these findings, which provided ample support for the Department's abuse and neglect determination.

It is the public policy of the State "to secure for elderly patients, residents and clients of health care facilities serving their specialized needs and problems, the same civil and human rights guaranteed to all citizens . . . ." N.J.S.A. 52:27G-1. Thus, a resident of a long-term care facility "has the right to be free from verbal, sexual, physical, and mental abuse, corporal punishment, and involuntary seclusion." 81 FR 68688, 68855 (2016); see also N.J.A.C. 8:39-4.1(a)(5). Such individuals are entitled "[t]o be treated with courtesy, consideration, and respect for the resident's dignity and individuality." N.J.A.C. 8:39-4.1(a)(12). To this end, "abuse" is defined as "the willful infliction of

injury, unreasonable confinement, intimidation, or punishment with resulting physical harm, pain, or mental anguish." 42 C.F.R. § 488.301 (2003); see also N.J.S.A. 52:27G-2(a). "Neglect" is defined as the "failure to provide goods and services necessary to avoid physical harm, mental anguish, or mental illness." 42 C.F.R. § 488.301 (2003).

We are satisfied that Amador's actions resulted in R.F.'s mental anguish, thereby constituting "abuse" within the regulatory and statutory meaning. We are further satisfied that Amador's conduct in leaving R.F. restrained in the manner that she did constitutes "neglect" within the regulatory and statutory meaning.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4259-16T2