**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3965-17T3

MICHAEL WEAVER,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

          Submitted May 15, 2019 – Decided May 29, 2019

          Before Judges Accurso and Vernoia.

          On appeal from the New Jersey State Parole Board.

          Michael Weaver, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Michael Weaver appeals from a New Jersey State Parole Board final agency decision revoking his parole and establishing a ten-month future eligibility term. Based on our review of the record in light of the applicable law, we affirm.

Following service of custodial sentences imposed in 2006 and 2009 on an accusation and two indictments, on May 2, 2016, Weaver was released and began serving a three-year period of mandatory parole supervision pursuant to the No Early Release Act, 2C:43-7.2. The conditions of his parole, to which he agreed, included the requirement that he refrain from the possession, use or distribution of controlled dangerous substances, controlled dangerous substance analogs and imitation controlled dangerous substances.

Six months later, on November 7, 2016, Weaver was arrested and charged with possession of controlled dangerous substances and drug paraphernalia, distribution of controlled dangerous substances and distribution of controlled dangerous substances within 1000 feet of school property and within 500 feet of public housing. He was taken into custody on the criminal charges.

On November 16, 2016, the Parole Board issued a Notice of Probable Cause Hearing advising Weaver he was charged with violating the conditions of his parole by purchasing, possessing, using or distributing a controlled

A-3965-17T3

dangerous substance or imitation controlled dangerous substance, noting that on November 7, 2016, he was "found to be in possession of [fifty] grams of suspected cocaine, [seven] boxes containing clear vial bottles, [two] . . . ziplock bags containing small ziplock baggies, [eight] bags of . . . vial tops, [three] razor blades and $453." Weaver was advised to complete and return a form indicating whether he wished to have a probable cause hearing and to advise whether he desired representation. According to a written submission by Weaver to the Parole Board,[1] on November 16, 2016, he had an "informal hearing" with Parole Board representatives during which his "rights" were discussed. During that hearing, he advised that he "wanted representation and . . . to proceed with the [p]arole [r]evocation [p]rocess."

Weaver's parole revocation hearing was held on September 28, 2017. The hearing was delayed because Weaver initially requested representation and his counsel did not appear on a scheduled hearing date. In addition, there were further delays due to the unavailability of video conferencing at the facility where Weaver is incarcerated, and because Weaver requested and obtained new counsel, who requested delays due to his unavailability and to obtain video

---

[1] The written submission, which is included in the Parole Board's appendix, is signed by Weaver and is dated March 19, 2017.

evidence of the alleged evidences supporting the parole revocation charges against Weaver. There were also delays due to the unavailability of the law enforcement witnesses.

Following the parole revocation hearing, the hearing officer found by clear and convincing evidence that Weaver violated the conditions of his parole. More specifically, the hearing officer accepted as credible the testimony of the police officers involved in Weaver's arrest that they recovered a bag containing suspected cocaine after observing Weaver discard the bag into an automobile. The hearing officer concluded Weaver possessed an imitation controlled dangerous substance and found that based on Weaver's prior offense record, which included convictions for drug offenses, his violation of his parole conditions was serious and warranted revocation of his parole.

A two-member panel of the Parole Board subsequently concurred in the hearing officer's findings and conclusion, revoked Weaver's parole and imposed a ten-month future eligibility term. Weaver appealed the panel's decision. On February 28, 2018, the Parole Board issued a detailed written decision adopting the panel's findings and determination. This appeal followed.

Weaver makes the following arguments:

POINT I

[THERE IS AN] INSUFFICIENT BASIS FOR PAROLE REVOCATION.

POINT II

VIOLATION OF BOARD'S PROFESSIONAL CODE OF CONDUCT.

(a) Violation of Due Process Rights.

POINT III

RESPONDENT[] FAILED TO PROPERLY CONSIDER MATERIAL FACTS.

Parole Board decisions are highly "individualized discretionary appraisals," Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)), entitled to both a presumption of validity, see In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306 (1994), and our deference to "its expertise in the specialized area of parole supervision," J.I. v. N.J. State Parole Bd., 228 N.J. 204, 230 (2017). We may not upset the determination of the Parole Board absent a showing that it was arbitrary, capricious, or unreasonable; that it lacked fair support in the evidence; or that it violated legislative policies. Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24-25 (1998). The burden is on the inmate to

show the Board's actions were unreasonable. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). Weaver fails to sustain that burden here.

Weaver first contends the Board failed to sustain its burden of presenting clear and convincing evidence supporting the revocation of his parole. See N.J.A.C. 10A:71-7.12(c)(1). He argues the Board erred because N.J.S.A. 30:4-123.60(b) prohibits the revocation of "parole on the basis of new charges which have not resulted in a disposition at the trial level." See White v. N.J. State Parole Bd., 136 N.J. Super. 360, 368 (App. Div. 1975) (finding the filing of criminal charges against a parolee does not by itself "serve as a basis for revoking the parole after a final revocation hearing").

Weaver's argument ignores that the Parole Board's decision to revoke his parole is not founded on the filing of the criminal charges. The criminal charges against Weaver provided a reasonable basis for the parole revocation hearing, ibid., but the Parole Board's revocation decision is based on evidence independent of the criminal charges: the police officers who observed Weaver discard the bag and recovered the bag containing an imitation controlled

dangerous substance[2] testified at Weaver's parole revocation hearing. Moreover, the hearing officer, the two-member Board Panel and the Parole Board found credible their testimony that Weaver possessed the imitation controlled dangerous substance. See Close v. Kordulak Bros., 44 N.J. 589, 599 (1965) (finding that a reviewing court gives "due regard" to the ability of the factfinder who heard the witnesses to judge credibility); Renan Realty Corp. v. State Dep't of Cmty. Affairs, Bureau of Hous. Inspection, 182 N.J. Super. 415, 421 (App. Div. 1981) ("[T]he choice of accepting or rejecting the testimony of witnesses rests with the administrative agency, and where such choice is reasonably made, it is conclusive on appeal.").

We also find no support in the record for Weaver's claim that the Parole Board failed to consider information he contends shows his violation of the

---

[2] An imitation controlled dangerous substance is defined in our Criminal Code as "any substance which is not a controlled dangerous substance or controlled substance analog" that a defendant "distribute[s] or possess[es]," N.J.S.A. 2C:35-11(a), "[u]nder circumstances which would lead a reasonable person to believe that the substance is a controlled dangerous substance or controlled substance analog," N.J.S.A. 2C:35-11(a)(3). Prima facie evidence of an imitation controlled dangerous substance is presented when evidence shows "[t]he substance was packaged in a manner normally used for the unlawful distribution of [a] controlled dangerous substance[]," N.J.S.A. 2C:35-11(a)(3)(a), or that "[t]he physical appearance of the substance is substantially the same as that of a specific controlled dangerous substance or controlled substance analog," N.J.S.A. 2C:35-11(c).

7

conditions of his parole was not serious.  The Parole Board determined the parole violation was serious, see N.J.A.C. 10A:71-7.12(c)(1), and that parole revocation was desirable, see N.J.A.C. 10A:71-7.12(c)(2), because Weaver was found in possession of a large quantity of an imitation controlled dangerous substance and has a long and consistent history of drug-related offenses, crimes of violence and weapons offenses.  We are convinced the Parole Board's findings are supported by "'sufficient credible evidence present in the record' considering 'the proofs as a whole,'" In re Taylor, 158 N.J. 644, 656 (1999) (quoting Close, 44 N.J. at 599), and Weaver otherwise fails to sustain his "burden of showing" the Parole's Board's decision is "arbitrary, unreasonable or capricious," McGowan, 347 N.J. Super. at 563.

Weaver also argues his due process rights were violated because he was not given a probable cause hearing within fourteen days of being taken into custody on the parole violation as required under N.J.A.C. 10A:71-7.5(a), and did not have his final parole revocation hearing "within [sixty] days of the date [he] was taken into custody as a parole violator" as required under N.J.A.C. 10A:71-7.13(a).  See Morrissey v. Brewer, 408 U.S. 471, 485 (1972) (explaining that the due process rights of a parolee taken into custody on parole revocation charges include a probable cause hearing "as promptly as convenient" following

arrest on parole violation charges and reasonably prompt final revocation hearing).

To be sure, Weaver did not have a probable cause hearing within fourteen days following his arrest on the parole violation warrant and his parole revocation hearing was not held within sixty days of his being taken into custody on the parole violation warrant. But we are not convinced that the record demonstrates the Parole Board violated the requirements of N.J.A.C. 10A:71-7.5(a), N.J.A.C. 10A:71-7.13(a) or Weaver's due process rights because Weaver acknowledges that on November 16, 2016, the day he was served with the Notice of Probable Cause Hearing, he had an informal hearing with Parole Board representatives and requested counsel. The record further shows that defendant obtained counsel, a hearing was scheduled but his counsel failed to appear, and he was assigned a second counsel who requested at least one adjournment of the hearing in order to obtain video surveillance recordings that he and Weaver believed were necessary to Weaver's defense. Although the record further shows there were additional delays due to witness unavailability and video conference issues, it appears the delays in holding the probable cause and final revocation hearings were primarily the result of Weaver's exercise of his right to counsel, his obtaining counsel on two separate occasions and his counsel's

actions.[3] Although Weaver sent correspondence complaining that his hearings were not promptly scheduled as otherwise required, he was at those times represented by counsel. Moreover, the record is devoid of any requests by his counsel to schedule the hearings or complaints by his counsel concerning any purported delays by the Parole Board in scheduling the hearings.

Indeed, at the final revocation hearing, at which Weaver was represented by counsel, the hearing officer asked if Weaver sought a probable cause hearing. In response, Weaver waived the probable cause hearing and opted to proceed directly to the final revocation hearing. In sum, we find neither a due process violation nor violation of N.J.A.C. 10A:71-7.5(a) or N.J.A.C. 10A:71-7.13(a) based on any alleged delays in the holding the probable cause and final revocation hearings because the record shows the delays resulted from Weaver's decision to proceed with counsel, and his counsels' actions thereafter.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] In fact, Weaver faults his counsel for the delays in having the probable cause and final revocation hearings. In a March 19, 2007 letter from Weaver that is included in the Parole Board's appendix, he acknowledges and complains that, at least in part, the delays were caused by his then counsel.

A-3965-17T3