**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1267-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAMON VENABLE,

     Defendant-Appellant.

_____

Submitted August 2, 2021 – Decided August 24, 2021

Before Judges Mayer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 86-11-4010.

Joseph E. Krakora, Public Defender, attorney for appellant (James K. Smith, Assistant Deputy Public Defender, of counsel and on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals the denial of his motion to reduce the sentence imposed on his 1987 murder conviction. He was 16 years old when he committed the crime. Defendant was tried and convicted in adult court and sentenced to a term of life imprisonment with a thirty-five-year period of parole ineligibility.[1] He sought the sentence reduction so that he would have a meaningful opportunity to be released from confinement. During the pendency of this appeal, he earned parole and has since been released from prison. We therefore deem this appeal moot.

We briefly summarize the relevant facts and procedural history. On March 19, 1986, defendant and another assailant accosted three teenagers walking on a public street in Newark. Defendant pointed a loaded gun at one of the victims and demanded that he relinquish his green leather bomber jacket. When the robbery victim explained that he did not have any other valuables, defendant struck him in the face, knocking him to the pavement. As defendant was leaving the scene, another individual, Ronald Griffin, happened by and asked the robbery victim if the jacket held by defendant belonged to him.

---

[1] We note this sentence pre-dates the 1997 enactment of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, which requires a court to impose a term of parole ineligibility fixed at 85% of the sentence imposed. In the case of a life sentence, the NERA parole ineligibility term is sixty-three years, nine months.

Defendant pointed the handgun at Griffin, who raised his hands in surrender and attempted to retreat. Defendant shot him. Griffin later succumbed to his gunshot wound. As we emphasized in our previous opinion affirming defendant's convictions, this was an "utterly senseless" crime. State v. Venable, No. A-4816-86 (App. Div. Feb. 15, 1989) (slip op. at 3).

Defendant was waived over to adult court and charged by indictment with knowing/purposeful murder; N.J.S.A. 2C:11-3(a), felony murder in the course of a robbery; N.J.S.A. 2C:11-3(a)(3), first-degree robbery, N.J.S.A. 2C:15-1; third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a).

In March 1987, a jury convicted defendant on all counts. In April 1987, the trial court imposed an aggregate sentence of life plus twenty years in prison, with a thirty-year term of parole ineligibility.

On appeal, we affirmed defendant's convictions but remanded for resentencing because the sentences imposed on the armed robbery and firearms counts did not include parole ineligibility terms as required by the Graves Act, N.J.S.A. 2C:43-6(c). Venable, No. A-4816-86 (slip op. at 1). The Supreme Court denied certification. State v. Venable, 117 N.J. 45 (1989).

In April 1989, the trial court on remand resentenced defendant in accordance with our instructions. Defendant's original thirty-year term of parole ineligibility was increased to thirty-five years.

In March 2015, defendant filed a motion to correct an illegal sentence, arguing that the sentence was cruel and unusual punishment under Miller v. Alabama, 567 U.S. 460, 479 (2012) (holding "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"). The Law Division judge denied defendant's motion.

In May 2017, we heard defendant's appeal of the denial of his resentencing motion on an Excessive Sentence Oral Argument calendar. We remanded the matter to the trial court to decide whether defendant's sentence violated the New Jersey Constitution in light of our Supreme Court's then-recent decision in State v. Zuber, 227 N.J. 422 (2017). State v. Venable, No. A-3261-15 (App. Div. May 18, 2017) (slip op. at 1). On remand in September 2018, the Law Division judge rendered an oral opinion ruling that defendant was not eligible to be resentenced because his sentence of life with thirty-five years of parole ineligibility was not the functional equivalent of life without parole. The case now returns to us for a third time.

Defendant raises the following issues on appeal:

POINT I

THE DEFENDANT, A JUVENILE OFFENDER WHO HAS SERVED OVER [THIRTY-FOUR] YEARS IN PRISON ON THESE CHARGES, AND WHO PRESENTED EVIDENCE THAT HE WAS FULLY REHABILITATED, WAS ENTITLED TO "A MEANINGFUL OPPORTUNITY FOR RELEASE" UNDER BOTH THE STATE AND FEDERAL CONSTITUTIONS. THE MOTION JUDGE, WHO STATED THAT HE WOULD REDUCE DEFENDANT'S SENTENCE IF HE COULD, ERRED IN HOLDING THAT DEFENDANT DID NOT QUALIFY FOR A RESENTENCING BECAUSE HE WOULD BE ELIGIBLE FOR PAROLE AT AGE [FIFTY-ONE].

A. OUR STATE CONSTITUTION GUARANTEES THAT, LIKE ALL JUVENILE OFFENDERS SERVING LENGTHY PRISON SENTENCES, DAMON VENABLE MUST BE GIVEN A "MEANINGFUL OPPORTUNITY TO OBTAIN RELEASE BASED ON DEMONSTRATED MATURITY AND REHABILITATION."

B. UNDER THE CRUEL AND UNUSUAL PUNISHMENT CLAUSES OF BOTH THE STATE AND FEDERAL CONSTITUTIONS, IT IS DISPROPORTIONATE, AND THUS UNCONSTITUTIONAL, TO CONTINUE TO INCARCERATE A FULLY REHABILITATED JUVENILE OFFENDER SUCH AS DAMON VENABLE WITHOUT ANY VALID PENOLOGICAL REASON FOR DOING SO.

C. CONSIDERATION FOR PAROLE IN THIS STATE FAILS TO PROVIDE LIFE-SENTENCED JUVENILE OFFENDERS WITH THEIR

5

CONSTITUTIONAL RIGHT TO "SOME MEANINGFUL OPPORTUNITY FOR RELEASE BASED UPON DEMONSTRATED MATURITY AND REHABILITATION."

We begin our analysis by noting the State does not dispute that defendant has been rehabilitated. The record shows that for the last two decades, defendant has avoided serious institutional infractions and, notably, maintained a 4.0 grade point average at Rutgers University. At oral argument the prosecutor aptly characterized that achievement as "impressive."

As our Supreme Court explained in Zuber, the Eighth Amendment does not guarantee eventual freedom to a juvenile offender but rather only requires that he or she be afforded "'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.'" 227 N.J. at 443 (quoting Graham v. Florida, 560 U.S. 48, 74–75 (2010)). In State v. Tormasi, we recently noted that the Court in Zuber "implicitly approves of the parole process" and that "a meaningful opportunity for release could be addressed through a resentencing or parole." 466 N.J. Super. 51, 67 (App. Div. 2021) (emphasis added). We thus concluded in Tormasi that "the opportunity for parole provides a meaningful opportunity at release for purposes of the Eighth Amendment." Id. at 67–68.

We next apply that principle to the present situation. Significantly, as we have noted, since filing this appeal, defendant has earned parole and has been

6

released from prison. Although the opportunity for release was significantly delayed, he has not only been afforded that opportunity but also made the most of it by earning parole and achieving release from prison. Accordingly, this appeal is moot.

"Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Stop & Shop Supermarket Co., LLC v. Cnty. of Bergen, 450 N.J. Super. 286, 291 (App. Div. 2017) (quoting Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010)). "[F]or reasons of judicial economy and restraint, courts will not decide cases in which the issue is hypothetical, [or] a judgment cannot grant effective relief." Ibid. (alterations in original) (quoting Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993)). Furthermore, "[a]n issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Comando v. Nugiel, 436 N.J. Super. 203, 219 (App. Div. 2014) (alteration in original) (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257–58 (App. Div. 2006)).

We recognize that defendant remains subject to parole supervision. That circumstance, however, does not raise the Eighth Amendment concerns

undergirding <u>Miller</u> and <u>Zuber</u>.  Those Eighth Amendment cases focus on the hardships of imprisonment, not community supervision and compliance with parole release conditions.

Appeal dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1267-18