**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1622-22

IN THE MATTER OF
JESSE O'BRIEN, JERSEY CITY.

_____

Submitted June 3, 2024 – Decided July 11, 2024

Before Judges Gilson and DeAlmeida.

On appeal from the New Jersey Civil Service Commission, Docket No. 2023-908.

Caruso Smith Picini, PC, attorneys for appellant Jesse O'Brien (Wolodymyr Tyshchenko and Timothy R. Smith, of counsel; Jared M. Wichnovitz and Zinovia H. Stone, on the briefs).

Apruzzese, McDermott, Mastro & Murphy, PC, attorneys for respondent City of Jersey City (Arthur R. Thibault, Jr., and Christopher M. Kurek, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Civil Service Commission (Brian D. Ragunan, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Jesse O'Brien is a former police officer who worked for the Jersey City Police Department (the JCP Department). He appeals from a December 21, 2022 administrative decision by the Civil Service Commission (the Commission), which denied his request for interim relief. O'Brien had requested the Commission to direct the JCP Department to rescind his suspension from his position as a police officer pending a final decision on his disciplinary charges. While this appeal was pending, the JCP Department conducted a final hearing on O'Brien's disciplinary charges, found him guilty, and terminated him. Accordingly, because O'Brien can no longer be given interim relief, we dismiss this appeal as moot.

I.

Before July 2022, the JCP Department had received reports that O'Brien had used improper physical force on at least eight occasions while on duty as a police officer. Consequently, the JCP Department had placed O'Brien in an intensive supervision program to monitor his behavior as a police officer.

On July 26, 2022, O'Brien arrested a suspect who had allegedly carjacked a vehicle in New York City and had driven the vehicle to Jersey City. Two months later, members of the JCP Department's Internal Affairs Unit reviewed footage from O'Brien's body-worn camera (BWC) that recorded the July 26,

2022 arrest. The review of the BWC footage revealed that O'Brien had used "unprofessional and offensive language" in making the arrest on July 26, 2022.

On October 6, 2022, the JCP Department served O'Brien with a preliminary notice of disciplinary action, informing him that he was being immediately suspended from his duties as a police officer without pay.[1] The preliminary notice identified several events as the bases for O'Brien's immediate suspension, including the July 26, 2022 incident, "several other indicators that [had] triggered the need for intensive monitoring," and a finding that O'Brien had engaged in workplace discrimination and harassment. The JCP Department also ordered O'Brien to submit to a fitness-for-duty evaluation.

Approximately three weeks after receiving that preliminary notice, O'Brien petitioned the Commission for emergent interim relief. O'Brien requested the Commission to, among other things, direct the JCP Department to (1) rescind his temporary suspension without pay; (2) return him to the payroll with back pay and benefits; and (3) rescind the order requiring him to submit to a fitness-for-duty evaluation.

---

[1] The JCP Department sent two preliminary notices, one served on O'Brien on October 6, 2022, and a second served on his counsel on October 7, 2022. The notices were identical except that the notice to O'Brien checked a box that stated he was being "[i]ndefinite[ly] suspen[ded] pending criminal charges." The JCP Department later acknowledged that that box was mistakenly checked.

A-1622-22

At approximately the same time that O'Brien petitioned for interim relief, he also underwent a fitness-for-duty evaluation. A licensed psychologist concluded that O'Brien was "psychologically unfit for full duty" and recommended that O'Brien receive mental health counseling. The psychologist also opined that O'Brien could serve in a "non-safety sensitive/modified duty" position. Following a Loudermill hearing in November 2022, the JCP Department rejected the recommendation that O'Brien return to modified duty and, instead, continued his suspension.[2]

On December 21, 2022, the Commission issued a final administrative determination denying O'Brien's request for interim relief. In its written decision, the Commission found that O'Brien had not established the grounds for interim relief because he had not shown a likelihood of success on the merits, nor had he shown that he would face irreparable harm if his suspension was continued. The Commission also found:

> [T]here is nothing in the record that indicates that Jersey City has not conformed with the law and administrative code as O'Brien claims, and given that he is a law enforcement officer who is held to a higher standard, and the charges are serious in nature, Jersey

---

[2] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985) (holding that due process requires a public employee, who can only be discharged for cause, to be afforded a pre-termination opportunity to respond).

City would be substantially harmed if his request was granted.

In that regard, the Commission found that O'Brien's suspension was "necessary to maintain the health, order, and effective direction of the police department." In support of that finding, the Commission cited to N.J.A.C. 4A:2-2.5(a). See id. (stating that an employee may be immediately suspended when the employee is a "hazard to any person if permitted to remain on the job," or when an immediate suspension is "necessary to maintain safety, health, order or effective direction of public services").

In early February 2023, O'Brien filed this appeal from the Commission's December 21, 2022 administrative determination denying him interim relief. While this appeal was pending, the JCP Department held a hearing on the charges against O'Brien and found him guilty of numerous charges of conduct unbecoming a police officer. Those charges and findings were detailed in four final notices of disciplinary action. So, effective November 10, 2023, O'Brien was terminated from his employment with the JCP Department.

O'Brien has separately administratively appealed to the Commission, challenging each of the four final notices of disciplinary action and his termination. The Commission has transferred those matters to the Office of Administrative Law (OAL) for a hearing before an Administrative Law Judge

5

(ALJ). At the time that this appeal was fully briefed by the parties, those administrative matters were still pending in the OAL.

## II.

On this appeal, O'Brien argues that the Commission's denial of his petition for interim relief was arbitrary, capricious, and unreasonable. He, therefore, seeks a reversal of the Commission's decision and, effectively, wants his temporary suspension rescinded.

The JCP Department responds that the issues presented on this appeal are moot because O'Brien was served with four final notices of disciplinary action and his employment was terminated in November 2023. Consequently, the JCP Department argues there is no basis to grant interim relief concerning the suspension because O'Brien has now been permanently terminated. We agree and, therefore, dismiss this appeal as moot.

"[C]ourts will not decide cases in which the issue is hypothetical, [or] a judgment cannot grant effective relief." Stop & Shop Supermarket Co. v. County of Bergen, 450 N.J. Super. 286, 291 (App. Div. 2017) (second alteration in original) (quoting Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993)). "Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is

immediately threatened with harm." Ibid. (quoting Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010)). "An issue is 'moot when [a court's] decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)).

All issues related to O'Brien's request for interim relief are moot. In his petition to the Commission, O'Brien sought two primary forms of relief: (1) a rescission of his suspension; and (2) a rescission of the order requiring him to report for a fitness-for-duty evaluation. Neither of those forms of relief can now be granted to O'Brien. O'Brien has been permanently terminated, and, therefore, the rescission of his temporary suspension would have no effect or meaning. O'Brien has also undergone the fitness-for-duty evaluation, and, therefore, that issue is also moot.

In making this ruling, we recognize that O'Brien's administrative appeals of his permanent termination and the disciplinary charges that led to that termination are still under review. Accordingly, O'Brien will have the right to appeal if the ALJ and the Commission ultimately uphold the disciplinary charges and his termination. O'Brien will also have the right to seek to be reinstated

7

with back pay.  In short, any further relief will have to be from the final decision

after the exhaustion of O'Brien's administrative remedies.

Dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office

CLERK OF THE APPELLATE DIVISION