**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2211-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

LEMONT LOVE, a/k/a
OMAR LOVE LEMONT,

      Defendant-Appellant.

_____

Argued September 10, 2024 – Decided September 23, 2024

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 07-03-0502, 08-01-0123 and 09-09-1537.

Lemont Love, appellant, argued the cause pro se.

Randolph E. Mershon III, Assistant Prosecutor, argued the cause for the respondent State of New Jersey. (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Randolph E. Mershon, III, of counsel and on the brief).

PER CURIAM

Defendant Lemont Love appeals from a trial court order denying a motion for a reduction of his sentence based on two vacated convictions granted by prior post-conviction relief (PCR) applications. We granted defendant's motion to accelerate his appeal. Defendant raises the following single point on appeal:

> POINT I
>
> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR RESENTENCING PURSUANT TO RULE 3:21-10(b)(7) ON THE BASIS THAT THE SENTENCE WAS NOT ILLEGAL.

For the reasons expressed in this opinion, we dismiss defendant's appeal as moot.

I.

We will not set forth the factual and procedural background in detail and will rely upon and incorporate the history set forth in our prior opinion. State v. Love, No. A-2125-20 (App. Div. March 27, 2023) (slip op. at 2-10). For context, we briefly add the following.

On January 10, 2023, defendant filed a motion with the Law Division seeking to change or reduce his sentence pursuant to Rule 3:21-10(b)(7) based

2

on two previously granted PCR applications which vacated two of his prior convictions.

The first PCR vacated his conviction for second-degree drug possession with intent to distribute by an order dated August 2, 2012, under Middlesex County accusation number 99-03-0055 (Accusation 0055). Accusation 0055 charged defendant with second-degree drug possession with intent to distribute to which defendant had pled guilty in 1999. The second PCR vacated his conviction for fourth degree obstructing the administration of law or other government function by order of March 10, 2020, under Middlesex County indictment number 07-03-0408 (Indictment 0408).

Indictment 0408 was part of a global plea agreement in 2010 which consolidated four separate indictments. As part of the agreement, defendant pled guilty to one count of third-degree distribution of cocaine, one count of third-degree possession of cocaine with intent to distribute, fourth degree obstructing the administration of law, and third-degree eluding. The remaining charges were dismissed as part of the plea agreement. On December 8, 2010, consistent with the plea agreement, defendant was sentenced to an aggregate term of ten years imprisonment with five years of parole ineligibility. There is no dispute the 1999 conviction under Accusation 0055 was referenced and

3

considered as an aggravating factor at his sentencing hearing in 2010 for Indictment 0408.

In his motion before the trial court, defendant argued in 2010 the sentencing judge considered the one "after-vacated" conviction for second degree drug possession with intent to distribute in Accusation 0055 when imposing his sentence. Defendant also argued the granting of his PCR application, which vacated his conviction for fourth degree obstructing the administration of law or other government function contained in Indictment 0408, also supported his motion for a reduction of his sentence.

After hearing arguments, the trial court rendered an oral decision denying defendant's motion. This appeal followed.

II.

Defendant confirmed at oral argument his parole supervision ended in July 2024 completing his sentence under appeal. Having thus completely served the sentence he challenged, there is no justiciable issue for us to resolve. See N.J. State Parole Bd. v. Boulden, 156 N.J. Super. 494, 497 (App. Div. 1978) (once a sentence has been completely executed and defendant unconditionally released, appellate review is little more than a meaningless exercise on a matter of complete insignificance).

A-2211-22

"It is firmly established that controversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed." Cinque v. N.J. Dep't of Corrs., 261 N.J. Super. 242, 243 (App. Div. 1993). "An issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corrs., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (internal quotation marks and citations omitted). This is rooted in the longstanding position of our courts to avoid rendering "advisory opinions or function in the abstract." Jackson v. Dep't of Corrs., 335 N.J. Super. 227, 230-231 (App. Div. 2000), certif. denied, 167 N.J. 630 (2001).

We also must consider, despite circumstances that preclude the availability of an effective remedy, whether an appeal should be decided because the issues raised are of great public importance, or are capable of repetition, yet [will] evade review. Matter of Commitment of C.M., 458 N.J. Super. 563, 568 (App. Div. 2019).

We determine the issues raised in this appeal do not reach the level of great public importance, nor are they capable of repetition which will evade review. We conclude the vacated charges have no consequence to defendant's completed sentence, nor will any reduction of the sentence under appeal, if

5

granted, affect any prospective future sentence for which defendant may be found guilty. Accordingly, we decline to reach the merits of defendant's contention.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2211-22