**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2657-22

RODNEY KELLY,

    Plaintiff-Appellant,

v.

JAMES H. KOSTOPOLIS,
ODISE A. CARR, CLERK #3,
JENN, and OFFICE OF
THE SHERIFF OF BURLINGTON
COUNTY,

    Defendants-Respondents.

_____

Argued September 11, 2024 – Decided September 25, 2024

Before Judges Currier and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. L-0727-23.

Rodney Kelly, appellant, argued the cause pro se.

James K. Grace argued the cause for respondents (Malamut & Associates, LLC, attorneys; Daniel Gee, on the brief).

PER CURIAM

This appeal arises from the Chancery Division's March 23, 2023 order dismissing as moot plaintiff Rodney Kelly's self-represented complaint against defendants Burlington County Sheriff, the Burlington County Sheriff's Office (Sheriff's Office), and a Sheriff's Office clerk. Plaintiff alleged defendants erred in denying his requests for adjournments under N.J.S.A. 2A:17-36 of the then-looming sheriff's sale of his property. The Chancery Division dismissed the complaint as moot because plaintiff was accorded the adjournments. We affirm.

I.

A. Foreclosure History

This appeal arises from protracted foreclosure proceedings that commenced in 2012 regarding plaintiff's property located in Burlington County after plaintiff defaulted on the mortgage. The granular details of those lengthy proceedings need not be recounted in full; instead, we distill the following relevant facts and procedural history from the record.

After plaintiff fervently but unsuccessfully challenged the foreclosure, Wells Fargo Bank (Wells Fargo) secured a final judgment in 2015. Plaintiff subsequently engaged in extensive motion practice seeking to set aside or extend the foreclosure, including obtaining two adjournments to which he was

2

statutorily entitled under N.J.S.A. 2A:17-36. Thereafter, Wells Fargo was the successful bidder at a sheriff's sale in 2015.

Roughly two years later, after discovering an error in the legal description attached to the original mortgage, Wells Fargo successfully moved to vacate the foreclosure, and in 2019, successfully prevailed in its action to quiet title. Accordingly, the court allowed modification of the property's legal description to reflect its accurate metes and bounds. In 2020, after filing a certification confirming the property description had been corrected, Wells Fargo secured a second final judgment in foreclosure, and a sheriff's sale was set for January 16, 2023. After Wells Fargo obtained its two statutory adjournments, the sale was rescheduled for March 16, 2023.

B. Plaintiff's Adjournment Requests and Subsequent Complaint

On or around March 1, 2023, plaintiff sought his statutory adjournments under N.J.S.A. 2A:17-36. After mistakenly believing plaintiff had exhausted any available adjournments prior to the original 2015 sheriff's sale, the Sheriff's Office denied his request and incorrectly advised that any further adjournment requests would have to be granted by the court.

On March 8, 2023, plaintiff, self-represented, filed a complaint against defendants, labeled "Complaint in Lieu of Prerogative Writs and Action

Permitted under N.J.S. 10:6-1, 2" seeking to compel the adjournments. The complaint alleged in part that plaintiff was deprived of "[d]ue [p]rocess and [e]qual [p]rotection under the [l]aw, [and] [s]ubjected to [u]nlawful and [u]nfair [l]imitation on [a]djournments guaranteed by N.J.S.A. 2A:17-36." Plaintiff filed certifications—presumably considered as accompanying motions—seeking "stay and adjournment" and "temporary restraints and preliminary injunction."

The case was transferred to Camden County and an initial conference was scheduled before the Chancery Division. However, prior to the conference or any court intervention, and before any action commenced toward removal, the Sheriff's Office granted defendant's adjournment requests, recognizing its mistaken reliance on the prior adjournments of the first sheriff's sale in erroneously denying plaintiff's adjournment request of the second sheriff's sale. Both the Sheriff's Office and defendant's counsel advised plaintiff by separate notices sent to his home address that his adjournment requests were granted, and the sheriff's sale rescheduled for May 11, 2023.

The court held an initial conference as scheduled, entertained argument, confirmed that plaintiff's statutory adjournments were granted, determined that no viable claims remained, and dismissed the complaint as moot. At the hearing,

A-2657-22

plaintiff did not challenge the Chancery Division's jurisdiction to hear the case and instead argued against dismissal.

Although conceding that he secured his adjournments, plaintiff claimed entitlement to damages asserting generally that the adjournments were granted only after he filed his complaint. The court inquired, "I do not understand and/or [am] unable to understand what, if any, damage there is. You got your adjournment . . . you were provided that prior to being removed, locked out, and your belongings stored . . . [t]herefore, there could be no deprivation of any of your rights." The court dismissed the complaint, discerning no viable claim and noting that plaintiff could still pursue any further discretionary adjournment requests or applications under the foreclosure docket.

## II.

Plaintiff claims on appeal that the Chancery Division lacked jurisdiction to address his complaint, as actions in lieu of prerogative writs must proceed in the Law Division under Rule 4:69. He further contends the court improperly dismissed his complaint as moot.

Defendants contend that the Chancery Division was the proper forum because this was not a challenge to a municipal action, and, although plaintiff designated his complaint as "in lieu of prerogative writs," the requested relief as

pled and at its root sought to enforce his right to an adjournment of a sheriff's sale under N.J.S.A. 2A:17-36. Defendants assert that plaintiff secured his adjournments less than two weeks after their denial and before any removal action commenced, rendering the case moot.

## III.

Plaintiff did not contest the Chancery Division's jurisdiction at the time of the hearing. Fundamentally, "the points of divergence developed in proceedings before a trial court define the metes and bounds of appellate review," State v. Robinson, 200 N.J. 1, 19 (2009), and this court ordinarily declines consideration of issues unexplored and unpreserved in the trial court. Jurisdictional questions, however, fall within a narrow exception to that limitation, id. at 20, and we therefore consider plaintiff's claim.

Plaintiff correctly contends that actions in lieu of prerogative writs proceed in the Law Division. R. 4:69-1. However, despite its title, the complaint is not an action in lieu of prerogative writs. Indeed, "[t]o bring an action in lieu of prerogative writs, a plaintiff must show that the appeal could have been brought under one of the common-law prerogative writs." Alexander's Dep't Stores v. Paramus, 125 N.J. 100, 107 (1991). There was and could be no such showing here.

A-2657-22

In considering sheriff's sale adjournments in foreclosure matters, the County Sheriff's Office, not a municipal body or agency, acts in furtherance of state foreclosure law after foreclosure proceedings in the Chancery Division and upon final judgment of foreclosure. See N.J.S.A. 2A:50-19. Accordingly, an action in lieu of prerogative writs was not the proper vehicle to pursue the relief sought by plaintiff. As the matter arose out of the foreclosure proceedings, jurisdiction was properly laid in the Chancery Division. "It is not the label placed on the action that is pivotal but the nature of the legal inquiry." Couri v. Gardner, 173 N.J. 328, 340 (2002).

By any name, the crux of plaintiff's complaint—seeking to compel his statutory adjournments of the impending sheriff's sale—was properly venued in the Chancery Division.

## IV.

Accordingly, we now consider whether the court correctly dismissed the complaint as moot. We review dismissals of complaints for mootness under a de novo standard of review. See Stop & Shop Supermarket Co. v. Cnty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017). Although "[a] reviewing court must accept the factual findings of a trial court that are 'supported by sufficient credible evidence in the record,'" State v. Mohammed, 226 N.J. 71, 88

7

(2016) (quoting State v. Gamble, 218 N.J. 412, 424 (2014)), "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

"[C]ontroversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed." Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993). The vital inquiry into mootness ensures that "judicial power is . . . exercised to strike down governmental action only at the instance of one who is himself harmed, or immediately threatened with harm, by the challenged conduct." Jackson v. Dep't of Corr., 335 N.J. Super. 227, 231 (App. Div. 2000). "A case is moot if the disputed issue has been resolved, at least with respect to the parties who instituted the litigation." Caput Mortuum, L.L.C. v. S & S Crown Servs., Ltd., 366 N.J. Super. 323, 330 (App. Div. 2004). Dismissal is appropriate when "a judgment cannot grant effective relief, or there is no concrete adversity of interest between the parties." Ibid. "An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015)

(quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)).

Here, plaintiff's statutory adjournments of the sheriff's sale were granted two weeks after being mistakenly denied, and the sheriff's sale was adjourned for two months. Because this relief was granted prior to the first court conference on March 22, 2023, no "concrete adversity" existed between the parties. Significantly, no steps toward lock out or removal ever commenced before the sheriff's sale was adjourned. Thus, the complaint was moot, and the court's order dismissing the complaint was supported by the evidence in the record.

Plaintiff sets forth numerous argument points; those we have not specifically addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-2657-22