**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1686-23

FRANCISCO VILLEGAS,
a/k/a PAQUITO,

      Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

      Respondent.

_____

          Submitted April 28, 2025 – Decided January 13, 2026

          Before Judges Gummer, Berdote Byrne, and Jacobs.

          On appeal from the New Jersey State Parole Board.

          Francisco Villegas, self-represented appellant.

          Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Hilary Cohen, Deputy Attorney General, on the brief).

    The opinion of the court was delivered by

ADAM E. JACOBS, J.A.D.

Francisco Villegas appeals a final decision of the New Jersey State Parole Board ("Board") upholding denial of parole and imposing a sixty-month future parole eligibility term ("FET"). For reasons that follow, we dismiss the appeal as moot.

In 1995, following a jury trial, Villegas was sentenced to life imprisonment for first-degree murder and a five-year consecutive term for third-degree unlawful possession of a handgun. He appealed his sentence as illegal, and we affirmed. State v. Villegas, No. A-3503-17T4 (App. Div. Nov. 19, 2019) (slip op. at 4). Our Supreme Court denied defendant's petition for certification. State v. Villegas, 241 N.J. 507 (2020).

In October 2022, a two-member Board panel denied parole to Villegas based on: (1) the facts and circumstances of the offense, first-degree murder; (2) Villegas's prior offense record; (3) the nature of his increasingly serious criminal record; (4) his commitment to incarceration for multiple offenses; (5) failure to deter Villegas's criminal behavior through community supervision (probation); (6) institutional disciplinary infractions, with the last occurring on January 28, 2016; and (7) insufficient problem resolution, specifically citing Villegas's lack of insight into his criminal behavior and minimization of his

A-1686-23

conduct, as demonstrated by the panel interview and documentation in the case file.

Pursuant to N.J.A.C. 10A:71-3.21(d), the two-member Board panel referred the case to a three-member panel to establish a FET beyond the thirty-six-month presumptive term. In March 2023, a three-member Board panel established a sixty-month FET. The three-member panel stated its decision was based on "the aggregate of all pertinent factors" in accordance with N.J.A.C. 10A:71-3.21(a).

On November 22, 2023, a full Board panel affirmed the parole denial and sixty-month FET. Villegas timely appealed the Board's final agency decision.

Villegas submitted a brief in June 2024, and the Board submitted a brief in response in September 2024. Both parties waived oral argument. In his brief, Villegas contended the imposition of a sixty-month FET did not meet statutory requirements. He further argued the Board had applied N.J.A.C. 10A:71-3.11 in an unconstitutional manner by construing his continued declaration of innocence as a factor against release, the parole denial was not supported by substantial evidence in the record or a reasonable weighing of the relevant factors in the Administrative Code, particularly with respect to his "minor disciplinary infractions," and the Board had failed to consider his "advanced age

as a major factor in favor of granting parole."  In favor of affirmance, the Board argued its decision was supported by sufficient credible evidence and was in accord with the applicable legal principles and the Administrative Code.

While the appeal was pending, we learned the Board scheduled and held a second hearing in October 2025 and recommended release in a report issued in November 2025.  Consistent with that information, we learned and have confirmed that Villegas was released on parole on December 29, 2025.  Because neither side supplemented the record, we do not have before us the precise date of the October hearing or a copy of the Board's decision from November.

Further, in reviewing the parties' arguments, we took note that the Supreme Court had granted a petition for certification in Cowan v. New Jersey State Parole Board, 259 N.J. 485 (2025), and subsequently heard argument in that case on September 25, 2025.  The Court has yet to rule.  However, a central issue in Cowan is whether the Board's imposition of a 200-month FET—173 months beyond the standard FET—was arbitrary, capricious, and unreasonable. But because Villegas argued the Board erred by exceeding the thirty-six month standard term and he was released twenty-five months after his hearing on November 23, 2023, or eleven months shy of thirty-six months, this basis for appeal is factually moot.

A-1686-23

Also, while this appeal was pending, the Court decided Krug v. New Jersey State Parole Board, 261 N.J. 477 (2025). In Krug, the Court held that constitutional ex post facto prohibitions forbid only punishment beyond what was contemplated at the time the crime was committed. Because the law at the time of Krug's 1973 offenses permitted the Board to consider the same "all existing" information it could consider under the 1997 amendment, retroactive application of the 1997 amendment to Krug created no risk of additional punishment. Our decision to dismiss is without prejudice to any argument based on Krug Villegas may raise in the event he is reincarcerated and again before the Parole Board.

"[A]n issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Comando v. Nugiel, 436 N.J. Super. 203, 219 (App. Div. 2014) (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006)) "Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Stop & Shop Supermarket Co., LLC v. Cnty. of Bergen, 450 N.J. Super. 286, 291 (App. Div. 2017) (quoting Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010)).

"[F]or reasons of judicial economy and restraint, courts will not decide cases in which the issue is hypothetical, [or] a judgment cannot grant effective relief[.]" Ibid. (alterations in original) (quoting Cinque v. N.J Dep't. of Corrs., 261 N.J. Super. 242, 243 (App. Div. 1993)). We may "entertain a case that has become moot when the issue is of significant public importance and is likely to recur." State v. Cassidy, 235 N.J. 482, 491 (2018) (quoting State v. Gartland, 149 N.J. 456, 464 (1997)). We do not discern either circumstance present here and dismiss the appeal as moot.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1686-23